This is an appeal by plaintiffs, Henry L. Ray and Patricia R. Ray, purchasers of a used residence with termite damage, from a final judgment in favor of defendants entered on the following motions: A motion to dismiss of defendants Minniesota Bailey and Harold Knight, as administrator ad litem for E.W. Bailey, from whom the Montgomerys purchased the residence, and the motions for summary judgment of defendants Dean H. Montgomery and M.C. Montgomery,[1] who sold the residence to the Rays, and of defendant Guaranty Pest Control, issuers of a termite control service contract and bond to the Baileys. We affirm the trial court's decision.
In October, 1977, the Baileys sold the house and three acres in Coker, Alabama, to the Montgomerys, who then sold it to the Rays in November, 1977. Mrs. Dean Montgomery was a licensed real estate salesperson during this period.
In 1973, the Baileys contracted with Guaranty Pest Control for termite extermination. The termite treatment bond was renewed, and the house treated yearly until 1977. *Page 232 
The Rays alleged that, at the time of the November, 1977, sale, the Montgomerys had represented that they had been in the attic and under the house and that the house was supported by hewn pine timbers, had good support, was "a nice house," was solid and was in good condition. The contract of sale between the Montgomerys and the Rays, and signed by the Rays, contained provisions that the sellers made "no warranties other than as to title and [have] no liability for any defects or repairs" and that the "house [was] sold in `as is' condition." Shortly after the Rays moved in, they discovered termite damage to the substructure of the house.
The Rays filed suit against the Montgomerys, the Baileys, and Guaranty Pest Control. Mr. Bailey died while the suit was pending, and an administrator ad litem was appointed. The Rays in their complaint and on appeal have asserted the following theories of liability: (1) Fraud and misrepresentation by the Montgomerys and the Baileys; (2) breach by the Montgomerys of the duty to disclose termite damage to the Rays as purchasers; (3) fraud by Guaranty Pest Control in failing to disclose termite damage to the Baileys and breach of its service contract by Guaranty Pest Control in failing to adequately treat the house and consequent liability to the Rays as third-party beneficiaries of that contract. We find no merit in any of these theories and, therefore, affirm the trial court's judgment.
Summary judgment shall be rendered if the pleadings, depositions, interrogatory answers, or affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c), ARCP. The burden of proof is on the movant to establish the absence of any issue of a material fact. Donaldv. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976). If there is a scintilla of evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted. Rule 56 (c), ARCP, Committee Comments; Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137
(1975). The court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the non-moving party. Tolbert v. Gulsby,333 So.2d 129 (Ala. 1976). However, to defeat a motion for summary judgment, the non-moving party must present facts that are properly admissible in evidence. Morris v. Morris,366 So.2d 676 (Ala. 1978).
The Rays rely on the statements by the Montgomerys that the house was solidly supported in order to challenge the granting of summary judgment and to support their theories of misrepresentation by the Montgomerys. However, the statement relied on does not present a scintilla of evidence to support a claim based on misrepresentation nor is it admissible in support of the contract theory under the parol evidence rule as it contradicts the written contract which contained an "as is" provision. On the latter point the appellant relies on HibbettSporting Goods, Inc. v. Biernbaum, 375 So.2d 431 (Ala. 1979), to allow admission of the parol evidence in spite of the "as is" cause. In that clause, however, the parties both agreed to the inclusion of the clause for a single purpose, and both acknowledged that the writing was not a true and complete expression of their agreement. Such is not the case here.
The statement is not admissible to show that the execution of the instrument was procured by fraud since it is itself insufficient evidence of fraud. The representations are statements of the seller's opinion and not of fact. Such a statement is actionable only if it is a misrepresentation of material fact acted upon by the party to whom it was made. Such is not the case here.
Nor does any fraud exist by reason of the purported confidential relationship between the Rays and the Montgomerys. There is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship. Collier v. Brown,285 Ala. 40, 228 So.2d 800 (1969). There is no evidence of any fraud by the *Page 233 
Baileys or Guaranty Pest Control which was directed at the Rays. Any possible misrepresentation by the Baileys was made to the Montgomerys, and any possible misrepresentation by Guaranty was made to the Baileys. The Rays were not the persons to whom any representation was made. It is fundamental that the representee who has relied on the defendant's misstatements and the plaintiff who was injured must be one and the same. SeeAmes v. Pardue, 389 So.2d 927 (Ala. 1980); Ansley v. Bank ofPiedmont, 113 Ala. 467, 21 So. 59 (1896); Jordan v. Pickett,78 Ala. 331 (1884).
With ordinary diligence, the Rays could have discovered evidence of the termite damage. The Montgomerys did not prevent the Rays from inspecting the timbers in the cellar before they sold the house. The Rays had ample opportunity to look for termite damage, and their failure to inquire or inspect negates actionable fraud under these facts. Marshall v. Crocker,387 So.2d 176 (Ala. 1980).
There is no contractual obligation on the part of Guaranty to the Rays. Protection under the service contract does not run to the owner of the property but to the contractual parties. The Rays are not third-party beneficiaries under that contract as they were not intended beneficiaries. The contract was entered into for the purpose of protecting the house as the property of the Baileys. The Baileys were protecting their interest and investment and were not altruistically protecting the property for subsequent purchasers. The appellants' reliance on Harrisv. Board of Water and Sewer Commissioners of City of Mobile,294 Ala. 606, 320 So.2d 624 (1975), is misplaced as the contract in that case was a public rather than a private one, and the benefit of that contract ran directly to land-owning members of the public.
The appellants assert that the Montgomerys breached a duty to disclose termite damage as it is a dangerous, known, latent defect. We disagree. Alabama retains the caveat emptor rule with regard to the resale of used residential real estate.Druid Homes, Inc. v. Cooper, 272 Ala. 415, 131 So.2d 884
(1961). Although we have abrogated the caveat emptor rule in sales of new residential real estate by a builder/vendor,Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313 (1971), we have not extended the Cochran rule to the sale of used homes, and we are not inclined in this case to depart from a long-standing rule which provides certainty in this area of the law. A purchaser may protect himself by express agreement in the deed or contract for sale. 272 Ala. at 417, 131 So.2d 884. Here, the contract expressly provided "no warranties" and "as is" clauses to which the Rays agreed. They had ample opportunity to inspect the bearing timbers of the house before purchasing it.
Finding no factual or legal basis for liability on the part of any defendant, we hold that the trial court's order granting summary judgment in favor of the defendants is due to be and the same is affirmed.
AFFIRMED.
TORBERT, C.J., and BEATTY, J., concur.
MADDOX and JONES, JJ., concur in the result.
[1] By order of this Court dated June 24, 1980, a prior order (dated May 27, 1980) dismissing the appeal as to the Montgomerys was set aside to be considered with the case on the merits. We now hold that the appeal as to the Montgomerys was improperly dismissed, and we reinstate the same.