This is a fraudulent concealment case.
By a count in their complaint, the Ogles contended that, when they purchased a house and lot from Mrs. Blankenship, she failed to disclose to them that the residence's sewage system was inadequate, that she was under a duty to disclose that information but that she fraudulently withheld such facts from the Ogles.
The jury trial evidence revealed the following facts as viewed in their most favorable light to the Ogles' cause. When Mrs. Blankenship purchased the lot from Hudgins, Mrs. Hudgins remarked that the lot was too small for a house and septic system. The lot contained 9,000 square feet. Mrs. Blankenship may have delayed construction upon her house for a day or so while she unsuccessfully sought to purchase additional land footage from the Hudgins. She then contacted the county health department's environmentalist, who, along with a most competent septic system installer, decided that the system could be installed. While the house was still under construction, but before the field line and septic tank were completed by simply covering with earth, that health department official approved the system as installed after he first inspected it. The contractor who constructed the dwelling also checked the plumbing and its connected disposal system and found no defects.
Mrs. Blankenship moved into her new home where she resided for the next two and one-half years. She testified, and there is no counter evidence, that she never had any trouble with the sewage disposal system during the period when she lived there.
Since she was moving to another county, Mrs. Blankenship listed her house and lot for sale with a real estate agent who showed the property to the Ogles. When they inspected the house, the Ogles made no inquiry about the septic system. Mrs. Blankenship and the Ogles never met nor had any conversation until the house sale was being closed in an attorney's office. At that time no question was asked about the septic system and it was not mentioned by anyone. *Page 128 
Within the next week the Ogles moved into their newly purchased home and everything worked normally, the septic system included. Three months later, trouble developed in the septic disposal system and it continued thereafter. At times it would overflow inside the house and sewage would percolate to the surface in the back yard.
The trial court submitted to the jury two of the Ogles' counts for relief, warranty and fraudulent concealment. Proper motions for a directed verdict had been filed on behalf of Mrs. Blankenship at the conclusion of the Ogles' evidence and also when all of the trial evidence had been presented, and those motions were overruled by the trial court. The jury returned a $10,000 general verdict for the Ogles. Mrs. Blankenship filed a very specific motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court held that it erred in submitting the warranty count to the jury, but it declined to set aside the verdict as to the fraudulent concealment count "even though the court probably would have decided it differently." A timely appeal was effected by Mrs. Blankenship.
We are required to presume that the jury's verdict was rendered on the fraudulent concealment count of the complaint.Ex parte Nix, 401 So.2d 64 (Ala. 1981).
The primary issue for our decision is whether the trial court should have either directed a verdict, or granted the post-trial motion, for Mrs. Blankenship as to the claim of fraudulent concealment. As a matter of law we reverse and remand.
We are required to follow the latest most applicable supreme court case upon a particular legal issue. That case is clearlyHarrell v. Dodson, 398 So.2d 272 (Ala. 1981). There the Dodsons sold a fifty year old house to the Harrells, who later claimed fraudulent concealment by the Dodsons of the fact that the house was settling and moving. This resulted in wall cracks, bulging paneling, warped doors and frames and unlevel floors. The supreme court therein summarized the facts and law pertaining to the sellers as to fraudulent concealment as follows:
 Regarding the Dodsons' knowledge of the condition of the house, there was evidence that Mr. Dodson had, on occasion, leveled the floors, patched mortar cracks and replaced bricks in the exterior brick work. Fifteen to seventeen months before selling the house, Mr. Dodson had hung new wallpaper over an area where cracks in the plaster had previously been filled.
. . . .
 Respecting the issue of fraudulent concealment under Code 1975, §§ 6-5-102 and 6-5-104, one charged with that act or acts, must either be under an obligation to communicate either by virtue of the existence of a confidential relationship, or from the particular circumstances of the case, or must knowingly conceal a material fact with intent to deceive. . . . As a matter of law, one can only be liable for concealing facts of which one has knowledge. Brasher v. First National Bank of Birmingham, 232 Ala. 340, 168 So. 42 (1936).
 Examining the record regarding the sellers, we find that Mr. Dodson testified that he had made several repairs over a period of years, including jacking up floors and repairing cracked plaster. Although this might conceivably be evidence of sellers' knowledge of some past settling of the fifty year old house, sellers owed no duty of disclosure to the purchasers. The purchasers were allowed to, and did, fully inspect the house. The purchasers asked no questions nor had any communications with the sellers regarding the condition of the house. The evidence that the sellers made certain repairs on the house, the most recent of which was made over a year before the house was sold, does not, without more, give rise to a reasonable inference that the sellers intentionally concealed a material fact for the purpose of continuing a false impression or suppressing inquiry, and thereby effecting a sale. Ray v. Montgomery, supra [399 So.2d 230]; Cashion v. Ahmadi, Ala., 345 So.2d 268 *Page 129 
(1977). We conclude that a verdict was properly directed on the issue of fraudulent concealment as to all defendants.
398 So.2d at 274, 276-277.
The Harrell decision is here controlling, especially since the facts here are even weaker than in that case as to liability. If Mr. Dodson owed no duty of disclosure to the purchasers, Mrs. Blankenship, likewise, owed no such duty to the Ogles. Additionally, there is an absence of any evidence that she had any knowledge of any defect. The Ogles inspected the house. They made no inquiry about, nor had any communication concerning, the septic system with anyone. The facts in the case do not, without more, give rise to any reasonable inference that Mrs. Blankenship intentionally concealed a material fact from the Ogles for the purpose of continuing a false impression or suppressing inquiry by them.
Accordingly, we hold that, initially, a verdict should have been directed for Mrs. Blankenship on the fraudulent concealment issue and, subsequently, that her post-trial motion should have been granted as to that count in the complaint.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.