This is an appeal from a summary judgment in favor of the defendants in a suit filed by Willie C. Keeler and Margaret R. Keeler, claiming fraudulent failure to disclose information in a real estate transaction. We affirm.
The sole issue in this case is whether summary judgment was appropriate under the facts of this case, where the owner and real estate broker made no representations, either verbal or otherwise, concerning the subject matter of plaintiffs' complaint.
In the fall of 1982, plaintiffs, Willie C. and Margaret R. Keeler, sought the assistance of a real estate agent in finding a home. The Keelers visited the house, the subject of this litigation, three times while they were considering buying it. On the first visit, they inspected the house's interior. They specifically inspected the bathroom, bedrooms, and kitchen. On this visit, they observed the field lines from the septic tank and inquired concerning them several times. They also inspected the well house and the pumping system. At no point on this visit did they list any complaints to defendant Ora Chastang, the real estate broker, or to defendant Harriet Chastang, the owner. Neither did the defendants make any representations at that time to the Keelers.
On the second visit to the house, the Keelers inspected it inside and out. On this occasion they observed and discussed standing water, drainage, and the "fertilizer" out there. Also, at this time, no questions were asked of Ora Chastang, the real estate broker, or of Harriet Chastang. Neither were any representations made concerning any matter of which plaintiffs' suit complains.
The third visit was similar to the first two visits, and on the day of the third visit the Keelers closed the sale of the property. There were no representations concerning the subject matter of this suit made by the defendants at the closing, and no questions were asked concerning these matters at the closing. *Page 1032 
Plaintiffs, in their suit, claim that shortly after they moved into the house they had problems with the plumbing; they claim that following a hard rainfall the sewage backed up into the house, and that the well pump malfunctioned and had to be replaced. Furthermore, the plaintiffs complained that the water from the well contained offensive material and had an offensive odor, and that the septic tank was not in good shape.
There is no dispute about the ultimate facts in this case, namely, that the residence sold to plaintiffs was not a new residence, and that defendants made no written or verbal representations concerning the plumbing, sewage system, well water, or septic tank. Plaintiffs' main argument to us is that the defects that are the subject of their complaint were latent and that because of the fact that these facts were uniquely within the knowledge of defendants, they were under an obligation to communicate them to plaintiffs by virtue of Code 1975, § 6-5-102, which proscribes the suppression of material facts which a party is under obligation to communicate.
We believe that the trial court did not err in granting summary judgment because of the decision of this Court in Rayv. Montgomery, 399 So.2d 230 (Ala. 1980), and the decision of the Court of Civil Appeals in Blankenship v. Ogle,418 So.2d 126 (Ala.Civ.App. 1982). In the Montgomery case, suit was filed by the purchasers of a used residence on the ground that there had been misrepresentation on the part of the sellers as to termite damage. There was even evidence in that case that the owners had said the house was supported by hewn pine timbers, had good support, was "a nice house," and was solid and in good condition. In that case, we said:
 Nor does any fraud exist by reason of the purported confidential relationship between the Rays and the Montgomerys. There is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship. Collier v. Brown, 285 Ala. 40, 228 So.2d 800 (1969). [Emphasis added.]
The Court went on to say:
 The appellants assert that the Montgomerys breached a duty to disclose termite damage as it is a dangerous, known, latent defect. We disagree. Alabama retains the caveat emptor rule with regard to the resale of used residential real estate. Druid Homes, Inc. v. Cooper, 272 Ala. 415, 131 So.2d 884 (1961). Although we have abrogated the caveat emptor rule in sales of new residential real estate by a builder/vendor, Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313
(1971), we have not extended the Cochran rule to the sale of used homes, and we are not inclined in this case to depart from a long-standing rule which provides certainty in this area of law. A purchaser may protect himself by express agreement in the deed or contract for sale. 272 Ala. 417, 131 So.2d 884.
399 So.2d at 233.
We are of the opinion that the facts in this case are even more compelling than those in Montgomery, supra. There was evidence before the court that the parties in this case were on equal footing. Mrs. Keeler, herself, is a former real estate agent and the Keelers were both raised in rural Bullock County and had drunk and bathed in well water. They certainly were aware of the possibility that sediment might be present in well water, and this awareness should have prompted further inquiry on their part.
We, therefore, are of the opinion, and so hold, that viewed in the light of our recent cases, the summary judgment in this case was proper. Cooper Co. v. Brown, 440 So.2d 1016 (Ala. 1983); Marshall v. Crocker, 387 So.2d 176 (Ala. 1980);Blankenship v. Ogle, 418 So.2d 126 (Ala.Civ.App. 1982).
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1033