Elbert and Joann Sanders appeal from a summary judgment granted in favor of defendants-appellees in a real estate fraud case. We affirm. *Page 85 
The facts presented in this case are contained in the plaintiffs' answers to request for admissions, answers to interrogatories, the depositions of both plaintiffs, and the deposition of Mr. White, a co-defendant.
Mr. and Mrs. Sanders purchased a home from the Whites in October of 1981. Approximately five months after the purchase, the roof began to leak and subsequently the decking was found to be damaged. The Sanderses allege that the Whites actively concealed known defects relative to the roof and supporting structures and thereby induced them to purchase the house. Both Mr. and Mrs. Sanders stated in their depositions that no representations were made to them by either Mr. and Mrs. White or Ronald Mills, the Whites' real estate agent, concerning the house or the roof. However, the listing of the house in the multiple listing directory contained the following phrase: "Book cases stay, part of drapes stay, storm windows stay and new roof-recently added." Mr. Sanders further stated that upon observation of the house it appeared to have a new roof. The Sanderses were given ample opportunity to inspect the house and did so personally three or four times by walking through the house and looking into the attic. They also arranged for inspection by an air-conditioning and heating company and a pest control company.
Mr. White stated that he indicated to Mr. Mills, his real estate agent, that he had put new shingles over the old shingles but that he did not specifically state that a new roof was put on the house. The multiple listing document was completed by Mr. I.L. Tatum and not by Mr. White or Mr. Mills. Mr. White also stated that he had never seen the multiple listing document before he gave his deposition and did not know that it contained the words "new roof-recently added." Mr. White said he put the new shingles on because his father-in-law told him the house probably needed a new roof because it was between 10 to 13 years old. A roofer was hired in March of 1981 to put the new shingles on and he told Mr. White that there were no other problems with the roof.
Summary judgment shall be granted if the pleadings, depositions, interrogatory answers, or affidavits submitted show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), A.R.Civ.P. The court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the non-moving party. Ray v.Montgomery, 399 So.2d 230, 232 (Ala. 1980).
As stated in Jordan Sons v. Pickett, 78 Ala. 331 (1884),
 "The fraud, which entitles a purchaser of property to a right of action for deceit, ordinarily consists in the misrepresentation or concealment of a material fact, on which he has a right to rely, and does rely, operating an inducement to the contract, and whereby he is deceived and injured."
Quoted with approval in Marshall v. Crocker, 387 So.2d 176, 178
(Ala. 1980).
For active concealment to be recoverable, the facts suppressed must not only be material, but either the materiality must be known to the seller, or the facts must so constitute an element of the value of the contract as to authorize the inference of knowledge of its materiality, and the concealment must be for the purpose of continuing a false impression or a delusion under which a purchaser has fallen, or of suppressing inquiry and thereby effecting a sale with the intention to conceal or suppress. Marshall v. Crocker, supra at 179.
In Alabama there is no implied warranty of habitability in the resale of used residential real estate, and the rule of caveat emptor still applies in such a case. Cooper Company,Inc. v. Montgomery, 399 So.2d 230 (Ala. 1980).
There is no evidence presented in the depositions showing that the Whites knew of any problems with the roof or that they had ever repaired any holes in the roof. In fact, Mr. White was told by a roofer that there were no problems with *Page 86 
the roof at the time new shingles were put on. Both Mr. and Mrs. Sanders inspected the house and were never denied the opportunity to do so. No representations concerning the roof or the house in any way were ever made by the Whites, and the Sanderses stated that they never relied on any representations by the Whites or their real estate agent. The fact that the Whites put new shingles on the house does not, without more evidence, give rise to the inference that they intentionally concealed material facts about the roof. Even though repairs may conceivably be evidence of the sellers' knowledge of defects, the sellers do not owe a duty of disclosure to the purchasers. Harrell v. Dodson, 398 So.2d 272 (Ala. 1981).
Since there is no evidence of active concealment on the part of the Whites, we hold that the trial court was correct in granting summary judgment in favor of the Whites.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.