STEAGALL, Justice.
Robert E. Ellis filed a petition for writ of mandamus in the Circuit Court of Russell County, asking the court to direct James E. Owen, as president of Chattahoochee Valley State Community College (hereinafter “CVCC”), to reinstate Ellis to his former position with CVCC as associate dean of students. Ellis also sought the payment of back salary and benefits to which he would have been entitled had he not left that position. The trial court granted Owen’s motion for summary judgment, and Ellis appeals. We affirm.
Ellis was continuously employed by CVCC beginning June 12, 1978. On May 26, 1981, Ellis was notified by letter that his contract of employment with CVCC would not be renewed when his current contract ended on September 30, 1981. By letter dated August 20,1981, Ellis tendered his resignation to Owen, effective September 17, 1981. Owen accepted Ellis’s resignation by letter dated August 20, 1981.
The trial court issued an order by which it denied the relief sought by Ellis and entered judgment in favor of Owen on his summary judgment motion. Specifically, the trial court found that Ellis had resigned, that Owen had accepted his letter of resignation, and that there was “no evidence of duress and because of his resignation, [Ellis] has no cause of action against [Owen] for reinstatement, back pay, and entitlement to other benefits.” The trial court further stated: “[H]aving found that [Ellis] has no cause of action as set forth in his Petition for Mandamus on the grounds of [his] resignation, the Court need not address the other issues raised in the Motion for Summary Judgment by [Owen].”
Ellis contends that his resignation was not voluntary, but was made under duress brought about by the necessity of finding other employment prior to the beginning of a new school term. He claims that the trial court improperly granted summary judgment in favor of Owen because, he says, his affidavit in opposition to summary judgment was sufficient to supply a scintilla of evidence on the question of the voluntariness of the resignation.
In order for a trial court to grant summary judgment, it must determine that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, A.R.Civ.P.; Silk v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 437 So.2d 112 (Ala. 1983). The burden of establishing the absence of a genuine issue of fact is on the moving party, and summary judgment cannot be granted if there is a scintilla of evidence to support the position of the non-moving party. Booth v. United Services Automobile Ass’n, 469 So.2d 1281 (Ala. 1985). The court must consider all reasonable inferences to be drawn from the evidence and must draw those most favorable to the non-moving party. Sanders v. White, 476 So.2d 84 (Ala.1985). However, when a motion for summary judgment has been supported as required by Rule 56, A.R.Civ.P., “the motion is to be granted unless the adverse party makes an eviden-tiary or factual showing in opposition to show that there is a genuine issue of fact for trial.” Butler v. Michigan Mutual Insurance Co., 402 So.2d 949, 951 (Ala.1981).
*438 In this case, defendant Owen supported his motion for summary judgment with his own affidavit, stating that Ellis received notice of Owen’s intention not to renew his contract for the school term commencing October 1, 1981. Owen further stated in this affidavit that upon receipt of Owen’s letter, “Mr. Ellis tendered his resignation to me effective September 17, 1981. I accepted his resignation....” Attached to Owen's affidavit were copies of the letters referred to in the affidavit.
Ellis contends that his affidavit filed in response to the motion for summary judgment presents a scintilla of evidence that his resignation was not voluntary. Ellis makes the following statement in his affidavit: “The Plaintiff would show the Court that he has alleged in his petition that he resigned under duress ... to obtain employment for the following school year and it was the duress of having to find re-employment, combined with the desire on the part of the Plaintiff to not have a discharge on his record that led to his. resignation on or about September 17, 1981.” This response by Ellis, however, does not show that there is a genuine issue of fact for trial, because it fails to raise an issue of fact material to this case. It does not refute the assertion that he resigned his position. Ellis’s affidavit does not set forth specific facts to provide a scintilla of evidence that his resignation was not voluntary.
We review the propriety of a summary judgment by considering the same evidence that was before the trial court when it granted the motion for summary judgment. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985). Based upon our review of the pleadings, the motion for summary judgment, and the affidavits in support of and in opposition to that motion, we find that the trial court properly granted summary judgment. Because Ellis has failed to show the existence of a scintilla of evidence that his resignation was not made voluntarily, summary judgment was appropriate.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.