HOUSTON, Justice.
Plaintiff (Mary Hayes, individually and as administratrix of the estate of Tommy Hayes, deceased) appeals from a judgment based on a directed verdict in favor of the defendants, Townsend Investments, Inc., and Townsend Ford, Inc., in an odometer fraud action.[1] Tommy Hayes died after suit was filed, and Mary Hayes, as adminis-tratrix of his estate, was substituted in his place. The plaintiff did not seek to recover under the Federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981 through 1991, but only under general Alabama fraud principles. We affirm.
Our normal standard of review in directed verdict cases is not applicable in this case. No transcript of the evidence was ordered, and the plaintiff seeks a reversal on the following facts found by the trial court:
“1. This is an odometer fraud case involving the purchase of a 1977 Ford Van on February 4, 1984, by Tommy and Mary Hayes from Midfield Auto Sales at which time Midfield disclosed the mileage of the van to Tommy and Mary Hayes as 53,911 miles.
“2. Midfield purchased this van from Townsend Ford on December 16, 1983, and Townsend Ford disclosed the mileage to Midfield Auto Sales as 53,770 miles and gave a disclosure form indicating that was the correct mileage.
“3. Townsend Ford acquired the van from Willie 0. Weaver on December 14, 1983, when Mr. Weaver traded the van back to Townsend Ford toward the purchase of a new truck. A disclosure form was not obtained from Weaver at the time of the trade in.
“4. Willie 0. Weaver had obtained the van from Townsend Ford on May 20, 1983, at which time Townsend Ford disclosed the mileage to Weaver as 52,862 miles.
“5. Townsend acquired the van from TST Investments d/b/a TST Wholesales, *1029 Inc. at which time TST disclosed the mileage as 52,807 miles. The stockholders of Townsend Investments are also the owners of Townsend Ford and Townsend Investments is a closely related corporation with offices at the same location and engages in the buying and selling of used cars at the wholesale level. On May 11,1983, TST obtained the van from Robert Redd Auto Sales and Redd disclosed the mileage as being 52,790 miles.
“6. Redd acquired the van from Bitter Sweet Auto Sales at which time a mileage disclosure of unknown was made.
“7. The van changed hands in Louisiana and Mississippi four times within a short period of time prior to Redd acquiring the van during which time the evidence indicated that the van had in excess of 100,000 miles.
“8. At the close of all the testimony, Townsend Ford and TST moved for a directed verdict against the Plaintiffs Mary Hayes and Mary Hayes as Admin-istratrix of the Estate of Robert Hayes. In viewing the evidence in the light most favorable to Plaintiffs the court finds that Midfield in purchasing the van from Townsend Ford relied on the representation as to mileage made by Townsend Ford. Townsend Ford and TST made no . direct representations to Robert and Mary Hayes and Robert and Mary Hayes saw no documents from Townsend Ford prior to the purchase of the van. Mary Hayes testified that they did not rely on any representations made by Townsend Ford or TST. The court granted Townsend Ford and TST’s Motion for Directed Verdict on the grounds that the Plaintiff failed to prove the necessary elements of a misrepresentation of a material fact made by Townsend or TST to the Plaintiffs Robert or Mary Hayes and failed to prove reliance on the part of the Plaintiffs.”
In Hutchins v. State Farm Mutual Auto. Insurance Co., 436 So.2d 819, 824 (Ala.1983), Justice Beatty wrote:
“Actionable fraud in Alabama consists of (1) a false representation, (2) concerning a material existing fact; (3) the plaintiff must rely upon that false representation; and (4) plaintiff must be damaged as a proximate result. International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977). Under these elements it is fundamental that the representee who has relied on the defendant’s alleged misstatements and the plaintiff who was injured must be one and the same. Ray v. Montgomery, 399 So.2d 230 (Ala.1980); Jordan & Sons v. Pickett, 78 Ala. 331 (1884).”
See also, Cavaness v. Ford Motor Co., 428 So.2d 604 (Ala.1983), and Ray v. Montgomery, 399 So.2d 230 (Ala.1980).
For purposes of this appeal, the plaintiff admits that the following factual finding is true: “Townsend Ford and TST made no direct representations to Robert and Mary Hayes and Robert and Mary Hayes saw no documents from Townsend Ford prior to the purchase of the van. Mary Hayes testified that they did not rely on any representation made by Townsend Ford or TST.” Therefore, the trial court’s judgment is affirmed, on authority of Hutchins v. State Farm Mutual Auto. Insurance Co., supra; Cavaness v. Ford Motor Co., supra; and Ray v. Montgomery, supra.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.

. The plaintiff entered into a pro tanto settlement agreement with Midfield Auto Sales, Inc. The jury found for TST and Townsend Ford on Midfield's cross-claim against them. (The status of Midfield and TST is set out later in this opinion.) No appeal was filed by Midfield.