ADAMS, Justice.
The plaintiffs appeal from a summary-judgment in favor of Michael Jacobson, one of the defendants. The complaint alleged breach of contract and fraud with regard to the structural condition of a house purchased by the Kaufmans in Tuscaloosa, Alabama. The trial court entered a summary judgment on the fraud claims; that judgment was made final pursuant to Rule 54(b) A.R.Civ.P., and this appeal resulted. The following facts are pertinent for a determination in this case:
In June 1985, the Kaufmans visited Tuscaloosa from New York for approximately four days in order to look for a house to purchase. They had been referred to Michael Jacobson and had contacted him prior to their arrival in order to arrange for him to show them houses that were on the market at that time. Being interested in the Woodland Forest subdivision, the Kauf-mans eventually made an offer on a house located at 5328 Woodland Forest Drive. At the Kaufmans’ request, the following clause was added to the contract: “All major plumbing, mechanical, electrical and structural items to be in good order at closing. Purchaser has right to inspect property prior to closing.” According to the affidavit of Hattie Kaufman, Jacobson agreed to secure the necessary inspection for the Kaufmans, although Mrs. Kaufman does admit in her affidavit that Jacobson stated to them that “structural inspections were not necessary in this area and that he did not know of anyone who could do them.” According to Mrs. Kaufman’s affidavit, she and her husband contacted Jacobson several times over the course of the summer to check on the status of the inspections. Although Jacobson reiterated that he knew of no one who could do the structural inspection and that such inspections were uncommon in the Tuscaloosa area, Kaufman contends that Jacobson each time, nevertheless, agreed to secure the inspection for them.
When the Kaufmans arrived in Tuscaloosa on the day prior to the closing, they learned that Jacobson still had failed to have a structural inspection performed on the house. Despite this fact, the Kauf-mans closed the sale the following day;they contend that they did so based on Jacobson’s statements that he was familiar with the Woodland Forest subdivision and that structural inspections were unnecessary in that area.
In July 1987, the Kaufmans noticed large cracks in the brickwork of the house and cracks in the bedroom wall. They contacted Mr. Jacobson and he referred them to Gilbert Sentell, a structural engineer. Mr. Sentell’s affidavit, in pertinent part, sets out his analysis of the problem:
“I have personal knowledge regarding the house located at 5328 Woodland Forest Drive. I was contacted by Allen Kaufman about inspecting the property in 1987. I went to the property on August 15, 1987 at 9:30 a.m. I found the problem incurred by the Kaufmans to be consistent with the whole line of houses located along this particular ridge in Woodland Forest. The soils in this area are a silty clay which [is] a plastic-type soil. This particular type soil will shrink and swell as the moisture content changes. It is as if the soil were breathing. The dryer the soil becomes the worse the problem becomes. Once the soil becomes moist again, the soil swells, and the cracks begin to move together. This problem has become more common in the last few years. Recently it has become a prevalent problem in the Woodland Forest neighborhood. It is what I consider to be an aesthetic problem.
[[Image here]]
“During my inspection I found evidence of corrective grouting for a structural problem which had been performed on some of the masonry. The mortar used for the patching was a different color than the rest of the mortar which made the previous repair work obvious to me. If I had been hired to do a structural inspection on this particular house in 1985,1 would have found this evidence of patching. I believe that any structural engineer would have found this problem. The evidence of patching would have been put in my structural inspection report. The patching I saw was consistent *829 with repairs due to settling. I would have explained to the person employing me the significance of the patching such as settling or other structural defects. If requested I could have done a more indepth investigation into the problems.”
The Kaufmans thereafter filed their complaint against Jacobson and the seller of the home, alleging breach of contract and fraud. Summary judgment was entered in favor of the sellers on all counts and that judgment was not appealed. Summary judgment was also entered in favor of Jacobson on the fraud count, and it is from that judgment that the Kaufmans appeal. We affirm.
Prom the evidence before us, it does not appear that Jacobson attempted to deceive the Kaufmans in any way. Clearly, his statements were only opinions. See generally O’Connor v. Scott, 533 So.2d 241 (Ala.1988); Harrell v. Dodson, 398 So.2d 272 (Ala.1981); and Ray v. Montgomery, 399 So.2d 230 (Ala.1980), for examples of “opinions” with regard to property sales. The Kaufmans merely opted to settle for those opinions rather than to be inconvenienced by attempting to locate a structural engineer on their own after arriving in Tuscaloosa. In his deposition, Mr. Kaufman stated that he and his wife closed the house without a structural report because “our back was to the door. We were living in a motel and our furniture was due to arrive the next day and we had to move into the house and we had to close it.”
There is no indication that when Jacobson made his statements to the Kaufmans he knew or had reason to know of the alleged defects to the property.[1] Furthermore, there is no indication that Jacobson’s statements to the Kaufmans that structural reports were uncommon in the Tuscaloosa area were untruthful. Finally, there is no evidence that Jacobson intended not to have the structural reports done when he allegedly told the Kaufmans that he would take care of them. He was even straightforward enough to notify them that he did not know anyone who could perform that particular inspection for them.
While we can empathize with the Kauf-mans’ situation, we are of the opinion that they did not present substantial evidence of fraud to warrant presenting the question to the trier of fact. Therefore, the summary judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.

. The affidavit of Mr. Sentell characterizes the problems as “aesthetic.” From the depositions, there appears to have been a severe drought after the Kaufmans purchased the house that either exacerbated an existing problem or caused new ones. In any event, the damage was not noticed until July 1987.