Hubert Morris Williams and his wife, Nerlandia Virginia Rojas Williams, purchased a house and real estate in Morgan County, Alabama; the house was found to have structural defects. They sued the sellers and the real estate agents involved in the sale. The trial court entered a summary judgment for the defendants on all claims, except one negligence claim. The summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P. The purchasers appeal from the summary judgment for the defendants. We affirm.
The Williamses sued the sellers, James D. Ditto and his wife, Diane J. Ditto; two mortgage companies; the Williamses' real estate agency; and the real estate company involved in the sale and financing of the residence.[1] The complaint alleged suppression of material facts, Alabama Code 1975, § 6-5-102; fraud, deceit, mistake, and negligence; and violation of the Alabama Real Estate License Law, § 34-27-1 et seq.
The Dittos raised the affirmative defenses of the statute of limitations, contributory negligence, and release. The Dittos also filed a counterclaim against the Williamses, alleging abuse of process, and they filed a third-party complaint against Don Kennedy House Moving, Inc., and Don Kennedy, alleging breach of contract in the repair of structural defects in the residence.
Following discovery, all defendants moved for a summary judgment. The Williamses filed a brief in opposition to the defendants' motions for summary judgment. The judge entered an order on the motions, dismissing all claims against all defendants except for the negligence claim against the Dittos for failure to properly repair the structural defects. The order read as follows:
 "This action is before the Court on motions for summary judgment filed by every defendant. This court has considered the motions, plaintiffs' response to the motions, depositions submitted by the parties, briefs of counsel, oral arguments, and a memorandum of law prepared by this Court's law clerk.
 "In addition to the matters discussed in the memorandum prepared by this Court's law clerk, this Court would note that '[i]n the resale of used residential real estate, there is no implied warranty of habitability. The doctrine of caveat emptor still applies in this state in the sale of used residences.' Cooper Co. v. Bryant, 440 So.2d 1016, 1019 (Ala. 1983); Sanders v. White, 476 So.2d 84 (Ala. 1985). 'A purchaser may protect himself by express agreement in the deed or contract of sale.' Ray v. Montgomery, 399 So.2d 230, 233 (Ala. 1980). In this case, the plaintiff purchasers executed a real estate purchase contract on 18 February 1988. Among other matters, the contract provides:
 " 'The Listing or Selling Agents do not warrant or guarantee the condition of this property or any of the equipment therein. . . .
 " 'The purchaser acknowledges that any appraisal required by the lender is used by the lender to determine the maximum mortgage amount and does not warrant the value or condition of the property. . . .
 " 'NEITHER THE SELLER NOR ANY AGENT MAKES ANY REPRESENTATIONS OR WARRANTIES REGARDING THE CONDITION OF THE PROPERTY EXCEPT TO THE EXTENT EXPRESSLY AND SPECIFICALLY SET FORTH HEREIN. Purchaser has the obligation to determine, either personally or through or with a representative of Purchaser's choosing, any and all conditions of the property material to Purchaser's decision to buy the property, including without limitation, the condition of . . . the roof and the basement, including leaks therein; . . . construction materials, including floors; structural condition; utility and sewer or septic tank availability and condition; . . . *Page 484 
 " 'Seller and purchaser acknowledge that they have not relied upon advice or representations of any real estate agents involved in this sale relative to . . . (ii) the structural condition of the property, including condition of the roof and basement; (iii) construction materials; . . . Seller and Purchaser acknowledge that if such matters are of concern to them in the decision to sell or purchase the property, they have sought and obtained independent advice relative thereto. HMW NVW [Purchasers' Initials] DJD JD
[Sellers' Initials] [Emphasis in original; see Plaintiff's Exhibit 6 to all depositions.]'
 "The only references in that contract to the structural condition of the house are found in handwritten paragraph number 3, inserted under the heading 'Additional Provisions,' and providing: '3. Seller will repair kitchen vynil [sic] floorcovering; and repair crack in plaster in master bedroom; and will level and seed backyard and area to right of driveway.' There is no question about those matters: the defendant sellers corrected all noted deficiencies to the satisfaction of the purchasers. The structural defects about which plaintiffs complain in this action are different ones, and came to light only after plaintiffs had lived in the house for a period of time. Thus, the holding of Reeves v. Porter, 521 So.2d 963 (Ala. 1988), also applies to this action:
 " 'The [plaintiff purchasers] had a contractual obligation to purchase the dwelling even if the house had structural damage. . . . When the [plaintiffs] signed the sales agreement, they acknowledged that they had had ample opportunity to inspect the dwelling and that they either had done so or had elected not to do so. The [plaintiffs] had a contractual obligation to purchase the dwelling for a certain sum even if there was structural damage to the dwelling. If they had not wanted to be so obligated, they could have provided for this in the contract. . . .' [Id. at 967.]
 "This Court is persuaded that all claims against any defendant are due to be dismissed with prejudice, except for the plaintiffs' claim of negligence (Count Five). Even then, however, the negligence claim lies against only the Dittos (and, through the third-party complaint which the Dittos filed against third-party defendant Don Kennedy) for the attempted repairs to the piers floor supports which had been undertaken prior to closing. '[O]ne who volunteers to act, though under no duty to do so, is thereafter charged the duty of acting reasonably, and is liable in damages for injury resulting from breach of that duty.' Rudolph v. First Southern Federal Sayings Loan Association, 414 So.2d 64, 67 (Ala. 1982).
 "Accordingly, it is ORDERED, ADJUDGED, and DECREED that all claims of plaintiffs against all defendants (except for the plaintiffs' claims of negligence against James D. Ditto and Diane J. Ditto in the performance of those repairs attempted by the Dittos' agent, Don Kennedy, to the piers supporting the floor system of the house) be, and the same hereby are, dismissed with prejudice. The costs incurred by any defendants other than the Dittos are taxed to plaintiffs, for which execution may issue."
The sole issue before us is whether the trial court erred in entering the summary judgment for the defendants on all claims save the negligence claim. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. SystemsFuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v. CharlesTownsend Ford, Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§12-21-12, Code 1975), for actions filed after June *Page 485 
11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
We have carefully examined the record in this case. Applying Alabama law, we conclude that the judgment of the trial court is due to be affirmed on the authority of Druid Homes, Inc. v.Cooper, 272 Ala. 415, 131 So.2d 884 (1961); Cochran v. Keeton,287 Ala. 439, 252 So.2d 313 (1971); Ray v. Montgomery, supra;Massey v. Weeks Realty Co., 511 So.2d 171 (Ala. 1987).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] ERA Rosenblum Realty Company and Lynn McKinley; Collateral Mortgage, Ltd., and Darlene Sullivan; and State National Mortgage Corporation.