This action arose out of an accident that occurred in a store owned by the defendant Lowe's Home Centers, Inc ("Lowe's"). The evidence, viewed in the light most favorable to the defendants, suggests the following: The plaintiff, Richard Laxson, a customer at the Lowe's store, was injured when the defendant Tony Latham, an employee of Lowe's, dropped a box containing a "pedestal pump" on the back of Laxson's neck. Latham, who was assisting another customer at the time of the accident, was standing on a two-foot stepladder that had been provided to him by Lowe's and was attempting to retrieve the pump from the top of an eight-foot-high shelf; Laxson was struck while bending over beside Latham examining another pump. Latham had been instructed by his supervisor to use his "common sense" when handling merchandise; however, he had been working at Lowe's for only approximately three months before the accident and he had never handled a pedestal pump. Latham, who was approximately six feet and one inch tall, with an arm's reach of approximately two and one-half to three feet, testified that he was attempting to retrieve the box from "slightly above [his] eye level." He further testified that he did not know that one end of the pump was heavier than the other and that when he started to take the pump off the shelf it "slid" away and fell out of his hands in a "split second." According to Latham, he had no chance to catch the falling pump before it struck Laxson. It was customary for employees of Lowe's to use stepladders for retrieving merchandise for customers on the showroom floor. Other taller ladders were available at the store; however, they were used mainly for stocking purposes.
Laxson sued Latham, alleging negligence and battery; he also sought to recover damages from Lowe's based on the doctrine of respondeat superior. The defendants denied the allegations and raised the affirmative defense of contributory negligence. During the course of the trial, Laxson voluntarily dismissed his battery claim and the defendants withdrew their plea of contributory negligence. At the close of all the evidence the trial court directed a verdict in favor of Laxson on the liability aspect of his negligence claim and submitted the case to the jury on the issue of damages only. The jury returned a $65,000 verdict in favor of Laxson and the trial court entered a judgment on that verdict. The court denied the defendants' motion for a new trial, and they appealed. We reverse and remand.
The single issue is whether the trial court erred in directing a verdict for Laxson on the liability aspect of his negligence claim. Laxson contends that the undisputed evidence clearly established that Latham acted negligently and that Lowe's was liable as a matter of law for Latham's negligence. The defendants contend, however, that reasonable people could differ as to whether Latham acted reasonably under the circumstances. They argue that the directed verdict for Laxson violated their right to a trial by jury as guaranteed by Article I, § 11, of the Alabama Constitution of 1901. After carefully reviewing the record and the briefs, we must agree that the defendants' constitutional right to a jury trial was violated in this case.
This Court has written extensively in recent years on the right of trial by jury; see, e.g., Henderson v. Alabama PowerCo., 627 So.2d 878 (Ala. 1993), and Moore v. Mobile InfirmaryAss'n, 592 So.2d 156 (Ala. 1991). Therefore, there is no need to greatly elaborate here on this constitutionally protected right. It is enough to say that a defendant in a civil action has the right to have a jury determine the issue of his initial legal liability, when he has requested a trial *Page 945 
by jury and if the evidence is such that reasonable people could differ as to the outcome, just as a plaintiff has the right in a proper case to a trial by jury on a defendant's plea of contributory negligence. This Court has consistently reaffirmed this principle when setting out its standard for reviewing judgments based on directed verdicts. For example, inQuillen v. Quillen, 388 So.2d 985, 987-88 (Ala. 1980), a case decided under the old "scintilla" rule but which otherwise states the proper standard for reviewing directed verdicts in cases involving allegations of negligence, this Court wrote:
 "In cases involving questions of actionable negligence, [the] standard has often been translated to read as follows:
 " '[W]here from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions as to negligence or contributory negligence, such questions are for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion that negligence or contributory negligence is ever a question of law for the Court. . . . In other words, where not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined the case is entirely one of fact to be decided by the jury. When the proof discloses such a state of facts, whether controverted or not, that, in essaying to fix responsibility for the injury or damage, different minds may arrive reasonably at different conclusions or may disagree reasonably as to the inferences to be drawn from the facts, the right of a party in a negligence action to have a jury pass upon the question of liability becomes absolute. . . .'
 "Patterson v. Seibenhener, 273 Ala. 204, 206-07, 137 So.2d 758, 760 (1962). When a trial court in a negligence case is confronted with a motion for directed verdict it must apply this standard, and, in doing so, must view the evidence in a light most favorable to the party opposing the motion. If any reasonable inference drawn from the evidence proves to be adverse to the moving party, a motion for directed verdict is due to be denied."
(Citations omitted.) More recently, in Central Alabama ElectricCo-op. v. Tapley, 546 So.2d 371, 381 (Ala. 1989), this Court, rejecting the defendant's argument that the plaintiff's decedent was contributorily negligent as a matter of law, noted that "[a]s with negligence generally, . . . a finding of contributory negligence turns on the facts and circumstances unique to each case. . . ." See, also, Johnson v. NiagaraMachine Tool Works, 555 So.2d 88 (Ala. 1989), wherein this Court held that there was an issue of fact for a jury to resolve as to whether the plaintiff was contributorily negligent in his operation of an industrial die press; andSmith v. U.S. Construction Co., 602 So.2d 349 (Ala. 1992), wherein this Court held that the evidence raised a jury question as to whether the plaintiff was contributorily negligent when he attempted to refuel an occupied and operating heavy equipment vehicle.[1]
Of course, for actions filed after June 11, 1987, such as this one, the standard of review applicable to a motion for a directed verdict is the "substantial evidence rule." See Ala. Code 1975, § 12-21-12. "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989); see Williams v. Ditto, 601 So.2d 482
(Ala. 1992). Thus, the issue in this case could be rephrased as follows: Whether fair-minded persons, exercising impartial judgment, could reasonably infer from the evidence that Latham was acting reasonably when the accident occurred.
It is a well-established rule of law in this state that in order to prove a claim of negligence a plaintiff must establish that the *Page 946 
defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff. Proof of injury or damage alone is, therefore, generally insufficient to establish negligence.Gollotte v. Peterbilt of Mobile, Inc., 582 So.2d 459
(Ala. 1991). Therefore, unless Laxson proved conclusively that his injury was proximately caused by a failure on Latham's part to exercise reasonable care in removing the box containing the pedestal pump, the directed verdict was improper and the case should have been presented to the jury on the initial issue of legal liability as well as on the issue of damages.
We conclude, after considering all the evidence, that reasonable people could differ as to whether Latham acted negligently. The evidence, viewed in the light most favorable to the defendants, suggests that Latham's supervisor told him to use his "common sense" in assisting customers with merchandise. Before this accident, Latham, who is over six feet tall, had apparently used stepladders to remove merchandise from shelves without incident. Latham testified that he had not been on the job for very long and that he had not handled a pedestal pump before this accident; therefore, this was not a situation where a store employee attempted to lift and remove merchandise that he knew to be dangerously heavy. A reasonable person might ask what Latham should have done differently in this situation. Should Latham have gotten a taller ladder? The evidence does show that Lowe's had taller ladders available at the store; however, Latham testified that those ladders were used for stocking purposes and that it was customary for employees of Lowe's to use the shorter stepladders when they were assisting customers on the showroom floor. Latham further testified that he did not know whether a taller ladder would have prevented the pump from slipping out of his hands; one could certainly infer that a taller ladder would have done little to prevent the accident. Should Latham have warned Laxson sooner that he was losing his grip on the pump? Latham testified that the accident happened in a "split second," and that he had no chance to catch the falling pump.
Clearly, the evidence shows that an accident occurred and that Laxson was injured as a result. However, as previously noted, proof of an accident and an injury is not enough to establish negligence. A premises owner is not an insurer of the safety of its invitees, and the principle of res ipsa loquitur is not applicable. No presumption of negligence arises from the mere fact of an injury to an invitee, such as Laxson. Tice v.Tice, 361 So.2d 1051 (Ala. 1978). Simply put, negligence has to be proven. The evidence in this case was not conclusive on the question of Latham's negligence. Furthermore, Laxson clearly stated in his complaint that his claim against Lowe's was based on Latham's action, i.e., it was based on the doctrine of respondent superior. Laxson's complaint did not allege that Lowe's acted negligently in failing to supervise or to train Latham; the record contains no motion to amend the pleadings to conform to the evidence and no clear indication that the defendants consented to try a negligence claim against Lowe's. See Rule 15(b), Ala.R.Civ.P. In any event, the only evidence relevant to Lowe's training or supervision of Latham appears to be the evidence that Latham's supervisor had told him to use his "common sense" when handling the merchandise. Therefore, even assuming that negligent failure to train or supervise had been an issue in the case, the evidence was not sufficient, in our view, to warrant a directed verdict for Laxson against Lowe's.
Justice Coleman, quoting S.S. Kresge Co. v. Fader, 116 Ohio St. 718,158 N.E. 174 (1927), made the following observation inGulas v. Ratliff, 283 Ala. 299, 302, 216 So.2d 278, 280 (1968):
 " 'Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured. The character or extent of an injury has no bearing upon the question of the liability therefor; neither has the wealth nor the poverty of either party to such a litigation anything to *Page 947 
do with the question of liability for the accident.' "
The defendants in the present case should have been afforded the opportunity to have the jury determine whether this was one of those accidents for which liability did not attach. Certainly, the evidence presented here was no more compelling than the evidence that was presented in Tapley, Johnson, andSmith, supra, wherein this Court allowed the plaintiffs to have a jury decide the issue of contributory negligence.
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, J., concurs.
ALMON, SHORES and COOK, JJ., concur in the result.
INGRAM, J., dissents.
[1] Note: Although the author of this opinion dissented in CentralAlabama Electric Co-op. v. Tapley; Johnson v. Niagara Machine Tool Works; and Smith v. United States Construction Co., those cases state the existing law in Alabama. See, also, UnitedStates Fidelity Guaranty Co. v. Russo Corp., 628 So.2d 486
(Ala. 1993).