ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from summary judgment.
On November 22, 1989 Fay P. Wainwright (plaintiff) filed suit in Mobile County Circuit Court against the Mobile County Law Enforcement and Firefighters’ Pension Fund (defendant). The complaint alleged that the plaintiff was wrongfully denied retirement benefits under the defendant’s pension plan. After the defendant failed to answer the complaint, default judgment was entered against the defendant. The default judgment was set aside *1206 by consent. Both parties then filed motions for summary judgment and filed supporting affidavits.
The trial court heard both summary judgment motions simultaneously on April 20, 1990 and took the matter under submission. On April 24, 1990 the trial court granted summary judgment for the plaintiff and denied the defendant’s motion. The defendant then filed a motion for reconsideration and/or rehearing, and the plaintiff filed an affidavit in opposition. The defendant’s motion was denied on May 29, 1990. The defendant appeals from the granting of summary judgment to the plaintiff.
The record reveals these pertinent facts: The plaintiff began work at the Mobile County Sheriff’s Department in May 1958. At that time, she was classified as “Court Clerk III.” She was promoted to “Clerk IV, Supervisor” in December 1968. Then, in April 1977, the plaintiff was reclassified as a “Deputy Sheriff I.” This reclassification resulted from an official study called the “Jacob’s Survey,” which was conducted for the express purpose of reclassifying personnel so that each employee’s job title would correspond to the job that the employee was actually performing. The plaintiff was classified as “Deputy Sheriff I” until her retirement in 1982.
In 1984 the Mobile County Law Enforcement and Firefighters’ Pension Fund was created by statute to provide pension benefits to retired Mobile County law enforcement officers and firefighters. The fund’s enabling legislation provides that monies from the fund are to be paid to law enforcement officers and firefighters who are retired and receiving benefits under any of the respective municipal or county retirement systems. The statute defines “law enforcement officer” as follows:
“(b) ....
“As used in this Section, the term ‘Law Enforcement Officer’ means a full time law enforcement officer of a municipality or county, meeting the minimum standards requirements for law enforcement officers, [who] are authorized as such officials to preserve the peace, regulate traffic, investigate crimes, or apprehend criminals. It shall not include purely clerical, janitorial, or maintenance employees.... ”
Section 18, Act 84-398, Acts of Alabama 1984 (emphasis added).
The plaintiff applied for these pension benefits in 1988, six years after her retirement. The claim was denied based on the fact that the plaintiff was not a “law enforcement officer” as defined under the act. Specifically, the plaintiff had not been classified as a deputy long enough to qualify for retirement as a “law enforcement officer” and had not completed the “minimum requirements” for the position. These minimum requirements, codified at § 36-21-46, Code 1975, apply only to deputies whose jobs began after September 30, 1971.
Summary judgment is proper only where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989); Rule 56, A.R.Civ.P.
Here, the defendant contends that there was a material dispute over whether the plaintiff was in fact a “law enforcement officer,” as defined by 1984 Ala. Acts, No. 84-398, throughout her more than twenty years of employment.
In her affidavit in support of her motion for summary judgment, the plaintiff states that she was deputized by Sheriff Ray Bridges of the Mobile County Sheriff’s Department “upon employment” in May 1958. The plaintiff goes on to describe her duties, which included investigative work, service of process, the execution of warrants, and the responsibilities of a bailiff. The plaintiff does not classify her job as a clerical one; rather, she states that she devoted herself exclusively to the tasks associated with the job of a deputy. The plaintiff attests that she was not ranked as a deputy before 1977 only because there was no classification for a female deputy until that time. The affidavit further says that the plaintiff did not complete the training now required for deputies, but points out that her job began before September 30, 1971. *1207 The plaintiff maintains that, because she performed the tasks of a deputy before that time, she should be recognized as a deputy and “grandfathered in” under the statute along with the male deputies whose duties she shared throughout her twenty year career.
In response to these assertions, the defendant filed the affidavit of T. Dwight Reid, a member of the board of trustees of the Mobile County Law Enforcement and Firefighters’ Pension Fund. The affidavit serves only to authenticate the documents attached to it. These documents include: the legislative act establishing the pension fund and opinions of the Attorney General relating thereto; the minutes of the pension fund board reflecting the eligibility requirements of the pension; the Pension Trust Agreement; the actual pension plan as finally agreed upon; excerpts from the minutes of the board of trustees, consisting of the resolution and amendments to the plan; and the informational brochure distributed to all police officers and firefighters. These documents are voluminous, but none of them addresses the points established by the plaintiffs affidavit. There is no response to her assertions that she performed the duties of a deputy for twenty years, and there is no denial that she was deputized from the outset of her job. The only rebuttal offered by the largely irrelevant documents is the language of the act itself, which requires that pensions from the fund be paid to “law enforcement officers.”
After summary judgment was granted in her favor and the defendant filed its motion to reconsider, the plaintiff filed a second affidavit in response to the motion. There, she again asserted that she had performed the duties of a deputy from the time of her initial employment until her retirement. The plaintiff pointed out that her reclassification resulted from the “Jacob’s Survey,” which was specifically created to reclassify employees according to the work they had actually been performing under misleading classifications. The plaintiff did not dispute that she never completed the police training required by statute; rather, she again argued that she was exempt from these standards because her actual work as a deputy began before September 1971. The affidavit established that the plaintiff worked for five years under the formal title of “Deputy I” without this training and that, under the statute, such employment would be disallowed for “new” deputies. The plaintiff says that she believed her employment was proof that she was “grandfathered” past the requirements.
In support of its motion for rehearing, the defendant offered the affidavit of John W. Anderson, Director of the Police Officers Standards Training Commission, who established that there was no record to show that the plaintiff had ever completed the seven-week training course required for deputies appointed after September 30, 1971. The affidavit did not, however, address the issue raised by the plaintiff of whether she was exempt from this requirement because she worked as a deputy before that date. The defendant also offered into testimony the deposition of Neal Schafer, Chief of Personnel of the Mobile County Sheriff’s Office. The deposition testimony confirmed that the plaintiff had been hired at the rank of Court Clerk III and was promoted to Court Clerk IV before being given the rank of Deputy as a result of the “Jacob’s Survey"; however, these facts were not in dispute. The deposition also listed the various duties usually performed by an employee ranked as a “Court Clerk III”; however, the deposition did not indicate that the plaintiff had ever performed these duties. The deposition thus did not refute the plaintiff’s showing that she had performed the duties of a deputy, not a clerk, for twenty years.
If the party moving for summary judgment makes a prima facie showing that no genuine issue of material fact exists, then the burden of going forward with evidence shifts to the nonmovant, who must then produce substantial evidence in support of his position. Hope v. Brannan, 557 So.2d 1208 (Ala.1989).
We do not find that the defendant has met this burden of proof. The plaintiff has offered two affidavits which set out these facts: (1) that the plaintiff was deputized *1208 and performed the work of a deputy for twenty years; (2) that the plaintiff was denied the formal title of “Deputy I” until 1977 because no such rank existed for a female until that time; (3) that she worked as a “Deputy I” for five years without having completed the training mandated by statute for “new” deputies, thus indicating that she was “grandfathered in.” The evidence offered by the defendant does not address these specific showings.
In its final order denying the defendant’s motion for reconsideration, the trial court found that the facts were not in material dispute. We do not find in the defendant’s affidavits and depositions any substantial evidence to refute the plaintiff’s assertions. Accordingly, the trial court properly entered summary judgment for the plaintiff. The summary judgment in favor of the plaintiff is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.