KENNEDY, Justice.
The plaintiffs appeal from a summary judgment in favor of the defendant, Central Bank of the South.
On July 30, 1981, Joy Watwood opened a checking account at Central Bank in Montgomery, Alabama, in her name only. On June 2,1982, she opened a savings account, also in her name. In 1985, Joy Watwood married John Sullivan and subsequently changed the name on her accounts to “Joy B. Sullivan.” On August 14, 1987, Joy B. Sullivan added her husband’s name to both of her accounts. Both accounts became joint accounts with a right of survivorship, in the names of Joy B. Sullivan and John Sullivan. The account agreement stated:
“Set Off — You acknowledge that we have the right to set off any indebted *986 ness which you owe us, at any time before or after your death or disability, without any further notice to you whether the indebtedness to us is now existing or hereafter arises. We may set off against the account any claim we have against any one or more of the account owners on a joint account without regard to the joint or several ownership of the funds on deposit to the account and without requirement that the claim be owed to us by all of the account owners rather than only some of them.”
(C.R. 34).
Prior to John Sullivan’s marriage to Joy, John Sullivan and his ex-wife, Sandy Sullivan, had on August 25, 1984, obtained a loan from Central Bank in order for Sandy Sullivan to purchase a new automobile. Pursuant to the loan agreement, both John Sullivan and Sandy Sullivan were individually responsible for the payment of the loan. Specifically, the loan agreement stated:
“Responsibility of Persons under this note. If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety or endorser of the Note is also obligated to do these things. The lender may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note.”
(C.R. 26.)
In November 1989, the payments under the loan executed by John Sullivan and Sandy Sullivan became delinquent. An employee of Central Bank telephoned John Sullivan and requested that he make a payment on the note; John refused. Central Bank then declared the note in default and sought recovery.
Central Bank chose not to repossess the automobile, because it was in poor condition. Pursuant to the terms of the loan, in January 1990 Central Bank sought payment for the remainder of the loan from John Sullivan. The bank determined that John was a joint owner of the checking account and the savings account that were listed in the names of John Sullivan and Joy B. Sullivan and set off $1,416.08 from the accounts. In February 1990, Central Bank offset another $501.28 from the joint accounts, satisfying the debt on the loan.
Joy Sullivan and John Sullivan sued Central Bank, alleging conversion, fraud, and breach of contract. The trial court entered a summary judgment in favor of Central Bank on all the claims.
A summary judgment is appropriate only when the moving party shows “that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the non-moving party must present substantial evidence creating a genuine issue of material fact. Hope v. Brannan, 557 So.2d 1208 (Ala.1989). The evidence must be viewed in a light most favorable to the nonmoving party. Underwood v. Adamson Ford, Inc., 564 So.2d 51 (Ala.1990).
Joy and John Sullivan failed to present substantial evidence to support their claims. The checking and savings accounts were clearly joint accounts. The legal effect of a joint account is that either party on the account may withdraw funds without the other’s signature. Rankin v. First National Bank of Fairhope, 416 So.2d 738 (Ala.1982). Also, the express terms of the account agreements provided that any debt owed by any one of the account owners could be set off from the funds in the account to satisfy the debt. The loan agreement signed by John Sullivan and Sandy Sullivan clearly stated that upon default either party could be liable for the debt. The loan agreement also provided that Central Bank could pay the debt on the loan with other funds on deposit with Central Bank, without notice to the debtor. Although Joy Sullivan makes several allegations concerning her understanding of joint accounts, the account agreement is unambiguous as to its terms. We note that Joy Sullivan does not contend that *987 Central Bank made any misrepresentations to her concerning the nature of joint accounts. Therefore, the trial court properly entered the summary judgment for Central Bank.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.