[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 948 
The plaintiffs appeal from a summary judgment for a defendant in their action alleging breach of contract, breach of warranty, and fraudulent concealment.
The Naramores, seeking to purchase a home in Tuscaloosa, asked a real estate agent employed by Duckworth-Morris Realty Company to help them. The agent showed them a house, which the Naramores decided to buy. A sales contract was entered into by the Naramores and the seller of the house on July 3, 1992.
At the Naramores' request, the Duckworth-Morris agent arranged for inspections to be done on the house before the closing, which were to be paid for by the Naramores. Following a general house inspection of the appliances and an inspection of the pool, the agent told the Naramores that those inspections showed that the house was "fine." The agent also arranged for a termite inspection. That inspection report showed that there was termite damage to the house. The Naramores did not receive notice of the results of this inspection until the closing on August 10, 1992. The Naramores proceeded with the closing, moved into the house, and subsequently discovered problems, including termite damage. On March 4, 1994, the Naramores sued Duckworth-Morris, alleging breach of contract, breach of warranty, and fraudulent concealment. On October 4, 1994, the Naramores amended their complaint to add as a defendant White's Appliance Company, which had performed the general inspection, and added claims of negligence, breach of contract, and fraud against White's Appliance.
Duckworth-Morris moved for a summary judgment on August 22, 1994, and filed excerpts of the Naramores' depositions in support of its motion. In the depositions, the Naramores stated that they did not know if the agent had had knowledge of the results of the termite inspection before the closing. The motion hearing was scheduled and continued three times; the third scheduled hearing was set for November 16, 1994. On November 16, the Naramores' attorney filed an affidavit stating that he was unable to respond to the motion for summary judgment until discovery was conducted, and he requested another continuance of the hearing so that he might complete discovery. The affidavit stated that he needed the opportunity to depose the Duckworth-Morris agent who had dealt with the Naramores, a representative of White's Appliance, and a representative of the termite inspection company. The trial court continued the motion for further discovery. The trial court reset the hearing for April 13, 1995. On April 7, the Naramores filed a motion requesting that the court further postpone the hearing, stating that they were in the process of setting and taking the needed depositions. The trial court heard the motion, as scheduled, on April 13. The Naramores filed a brief in opposition, and submitted excerpts from their depositions in support of their brief. The trial court entered a summary judgment, made final pursuant to Rule 54(b), Ala.R.Civ.P., in favor of Duckworth-Morris.
The Naramores appealed to the Supreme Court of Alabama, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975. Although the Naramores named White's Appliance as an appellee, there is no indication that White's Appliance had moved for a summary judgment, and the trial court did not enter a summary judgment as to the claims against them. Therefore, only the summary judgment in regard to the claims against Duckworth-Morris is before us. *Page 949 
A summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of a material fact, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of a material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794,797-98 (Ala. 1989). Evidence is "substantial" if it is of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the fact sought to be proven. West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Furthermore, on appeal, this court must view the record in a light most favorable to the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
The Naramores argue that the summary judgment was improper as to their breach of contract and fraud claims because, they say, the excerpts from their depositions that were before the trial court created a genuine issue of a material fact. The Naramores make no argument regarding the summary judgment as to the breach of warranty claim.
The summary judgment was proper as to the fraudulent concealment claim. We recognize that when an agent is questioned directly about the condition of a home, and the agent assumes the obligation to inspect the house and to disclose the findings to the buyer, the law imposes on the agent the duty to truthfully disclose all material factsrevealed by the inspection. Hope v. Brannan, 557 So.2d 1208,1211 (Ala. 1989); Fennell Realty Co. v. Martin, 529 So.2d 1003,1005 (Ala. 1988). If the agent has knowledge of a material defect not known to or readily discoverable by the buyer, the agent is under a duty to disclose and is liable for damages caused by nondisclosure. Id. An agent will not be liable for fraud for merely relaying information regarding the condition of a house without knowledge that the statements are false.Hope v. Brannan, 557 So.2d at 1211.
The only pertinent evidence before the trial court was contained in the depositions of the Naramores. They both stated that the only information the agent had about the complained-of conditions was that obtained through the inspections. They further stated that the agent rendered to them an accurate report of the findings of the general inspection by White's Appliance and of the findings of the pool inspection. However, they allege that the agent concealed the termite inspection results from them, although they both said they did not know when the agent received the inspection report or whether the agent had seen the report before the closing. Furthermore, the depositions of the Naramores are not valid rebuttal evidence on this issue because their testimony was based upon their assumption that the agent had received the report, and not based upon personal knowledge as it must be in order to be admissible in evidence in support of their claim. Rule 56(e), Ala.R.Civ.P. The Naramores failed to present "substantial evidence" of fraud because they failed to produce any evidence of the essential element of knowledge on the part of the agent; that element is necessary to prove a fraudulent concealment claim.
The Naramores next contend that the summary judgment was improper as to their breach of contract claim. We note that a breach of contract claim based on the termite inspection is not barred, as Duckworth-Morris claims, by the sales contract's waiver provision, which imposed on the buyers the responsibility to inspect household appliances and mechanical systems and provided that closing would constitute a waiver of liability on the part of the seller and the sellers' agents. That provision expressly applies only to home appliances and mechanical systems.
In the absence of a confidential relationship, the law does not impose upon real estate agents representing sellers the duty to conduct a reasonable investigation of the property and to disclose defects to the buyer. Blackmon v. First Real EstateCorp., 529 So.2d 955, 956 (Ala. 1988). However, unlike theBlackmon case, in which the court found that the record was devoid of any confidential relationship between the realtor and the *Page 950 
home buyers, and therefore held that the agent had no duty to inspect, in this case there is some evidence that could be construed as creating a confidential relationship.
The Naramores' deposition testimony indicates that they contacted Duckworth-Morris, which was not the real estate agency that had listed the house, to help them locate a suitable residence. The agent showed them the house that they ultimately decided to purchase, suggested to them that they have the house inspected before closing, and offered to arrange the necessary inspections for them. The results of the termite inspection were not reported to the Naramores before the closing.
Duckworth-Morris argues that it is absolved from any liability to the Naramores by the agency disclosure provision in the sales contract, which was initialed by the Naramores. However, that provision is ambiguous as to the agency capacity of Duckworth-Morris. It states "AGENCY DISCLOSURE: The listing agency Prichett-Moore, Inc. represents the Seller (unless otherwise stated), and the selling agency represents . . . Seller." Apparently, "selling agency" in the provision was meant to indicate Duckworth-Morris.
Despite reading and initialing this provision, the Naramores, in their depositions, stated that they perceived that Duckworth-Morris was representing them. The Naramores' testimony could lead to the inference of an implied contract between them and Duckworth-Morris for the limited purpose of arranging inspections and reporting the results thereof. Such an agreement would place upon Duckworth-Morris the duty to act with due regard to the interest of the principal with the utmost good faith and loyalty. Williams v. Williams,497 So.2d 481, 483 (Ala. 1986). That duty would arguably include the duty to ensure that the Naramores had been apprised of the results of the inspections before the date of the closing. Although the agent was initially under no duty to help the Naramores obtain the house inspections, once she did so and assured to the Naramores that she was handling that part of the preparation for closing, she assumed the duty to act with due care. Once the agent went beyond what was required, she created a "special relationship," see, e.g. Williamson v. Realty Champion,551 So.2d 1000, 1002 (Ala. 1989), which required the agent to use diligence to see that the inspections were performed and the results reported to the Naramores. If Duckworth-Morris stood in a fiduciary capacity to the Naramores, then its obligation would be separate from those obligations contained in the sales contract, and acceptance of the deed would not operate as a release of its claims. See Cato v. Lowder Realty Co.,630 So.2d 378 (Ala. 1993). We must view the evidence in the light most favorable to the Naramores and resolve all reasonable doubts in their favor. Therefore, because the evidence presented to the trial court could reasonably lead to the inference that an implied contract existed for the limited purpose of procuring house inspections, the entry of a summary judgment was improper as to the breach of contract claim and is to be reversed as to that claim.
We disagree with the Naramores' contention that the summary judgment was improper because discovery was pending. The mere pendency of discovery does not bar a summary judgment. Hope v.Brannan, 557 So.2d 1208, 1212 (Ala. 1989). A party may protect itself from the entry of a summary judgment despite its lack of evidence needed to form a response, by offering an affidavit explaining why he or she cannot respond to the motion without the benefit of the further discovery. Rule 56(f), Ala.R.Civ.P. If the nonmoving party can meet its burden of showing that the discovery sought is crucial to its case, and complies with Rule 56(f), then the trial court cannot properly enter a summary judgment before the discovery is completed. Hope, supra; seealso, Reeves v. Porter, 521 So.2d 963 (Ala. 1988); Ex parteWilliams, 617 So.2d 1032, 1035 (Ala. 1992).
However, a party may not forestall a summary judgment by asserting that he or she is entitled to additional time to complete discovery under Rule 56(f) after having failed to utilize discovery to acquire the evidence that he or she claims is necessary to rebut *Page 951 
the movant's contentions. Central Acceptance Corp. v. ColonialBank, 439 So.2d 144, 147 (Ala. 1983). Furthermore, it is discretionary with the trial court whether to grant or deny a motion for a continuance. Swann v. Caylor, 516 So.2d 699, 701
(Ala.Civ.App. 1987); Acustar, Inc. v. Guerin, 593 So.2d 1029,1031 (Ala.Civ.App. 1992).
Duckworth-Morris's summary judgment motion had been pending from August 22, 1994, until April 13, 1995. The hearing on the motion had been continued on November 16, 1994, to allow further discovery to take place, as requested by the Naramores' attorney in an affidavit filed pursuant to Rule 56(f). On March 24, 1995, the trial court reset the hearing for April 13. The Naramores filed a "Motion In Opposition [to] Defendant's Motion To Set Summary Judgment For Hearing," which was in effect a motion for a continuance, stating that they were in the process of scheduling the needed depositions. The trial court held the hearing, as scheduled, on April 13, and afterwards entered a summary judgment, noting that adequate time had been afforded to allow the Naramores to conduct discovery, and stating that there was no explanation for delay. As of the date of the hearing, no notice of deposition had been filed and there was no pending request for discovery.
We hold that the trial court did not abuse its discretion in denying the Naramores' request for another continuance and in ruling on the motion for summary judgment before the Naramores had completed discovery. See Murray v. Timberlake,564 So.2d 885, 890 (Ala. 1990).
Based on the foregoing, the entry of a summary judgment is affirmed as to the fraud claim, but is reversed as to the breach of contract claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THIGPEN, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and YATES, J., dissent.