PITTMAN, Judge.
Carl Henderson appeals the summary judgment for the Alabama Department of Industrial Relations (hereinafter “DIR”) on an unemployment-compensation-benefits claim. Henderson began working at the Midfield employment security office of the DIR in March 1994 and continued working until he was placed on leave in March 2000 pending termination procedures. DIR terminated Henderson for misconduct after he had been given a prior warning. Henderson filed for unemployment compensation benefits. The DIR examiner denied those benefits because Henderson had been terminated for misconduct after having been given a prior warning. Henderson appealed, and the administrative hearing officer upheld the examiner’s determination, citing § 25-4-78(3)(b), Ala.Code 1975, as authority for denying benefits based on repeated misconduct after prior warning.
Henderson appealed the administrative hearing officer’s decision to the DIR Board of Appeals, which disallowed his application on July 14, 2000. Henderson then filed a timely appeal to the Circuit Court of Jefferson County. DIR filed a motion for a summary judgment on September 20, 2000; the following day DIR filed an answer to Henderson’s notice of appeal.
Henderson filed a timely Rule 56(f), Ala. R. Civ. P., motion for discovery together with his attorney’s affidavit on October 3, 2000. The same day Henderson filed a request for production as part of his discovery. The trial court set the hearing on DIR’s summary-judgment motion for October 5, 2000. The trial court refused to accept Henderson’s Rule 56(f) motion and affidavit and granted Henderson an additional 10 days to submit an amended response to DIR’s summary-judgment motion. Henderson filed an amended response together with a supporting affidavit on October 13, 2000. The trial court entered an order granting the summary-judgment motion on October 30, 2000. The order stated that Henderson had failed to respond to DIR’s motion.
Henderson filed a motion on November 28, 2000, to alter, amend, or vacate the judgment. That motion was denied by operation of law on February 26, 2001. Henderson filed a timely appeal to this court on April 9, 2001. Subsequently, the trial court purported to grant Henderson’s motion to alter, amend, or vacate and to set aside its order of October 30, 2000. The trial court entered an order purporting to grant Henderson 60 days for discovery and in which to file a motion in opposition to DIR’s motion for a summary judgment.
Henderson appeals arguing that the trial court erred (1) by failing to accept the Rule 56(f) motion and affidavit as a proper response to DIR’s summary-judgment motion; (2) by failing to allow discovery pur *131 suant to the Rule 56(f) motion before ruling on DIR’s summary-judgment motion; (3) by attempting to set aside its October 30, 2000, order because it lacked jurisdiction; and (4) by granting a summary judgment to DIR when issues of material fact were in dispute. Because we conclude that the trial court erred in entering the summary judgment before allowing discovery pursuant to the Rule 56(f) motion, we do not reach the remainder of Henderson’s issues on appeal.
Alabama caselaw has established that if the nonmoving party complies with Rule 56(f) and can meet its burden of showing that the discovery sought is crucial to its case, then the trial court cannot properly enter a summary judgment before discovery is completed. See Naramore v. Duckworth-Morris Realty Co., 669 So.2d 946, 950 (Ala.Civ.App.1995); Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769, 771 (Ala.1994). Our supreme court has interpreted Rule 56(f) to require an affidavit from the party opposing a summary-judgment motion. This affidavit must state the reasons why the party cannot present essential facts in opposition to the motion. See Malloy v. Sullivan, 455 So.2d 12, 13 (Ala.1984).
In the instant case, Henderson filed a Rule 56(f) motion for discovery on October 3, 2000, in response to DIR’s motion for a summary judgment. The motion was accompanied by an affidavit that stated in part: “[hjaving a copy of the employees personnel file which includes any disciplinary material and or misconduct warning is critical to the Plaintiffs case, and requiring a hearing on this matter without access to this information would be unjust.” (C. 110.) Henderson’s denial that he was guilty of any misconduct after prior warning is crucial to his case and to defending against the summary-judgment motion. We conclude that it was error to grant DIR’s motion for a summary judgment without allowing discovery. That judgment is reversed and this case remanded to the trial court for entry of an order allowing discovery before setting a hearing on DIR’s motion for summary judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ„ concur.