HOUSTON, Justice.
The plaintiff, The D.M. Drennen and Emma Houston Drennen Memorial Trust of Saint Mary’s Church (“the Drennen Trust”), a trust duly established under Alabama law, brought this action against Michael Barry seeking a judgment declaring that the Drennen Trust, which owns property (“the Drennen property”) adjacent to property owned by Barry, (1) holds unrestricted title to that portion of the Drennen property on which an encroachment is allegedly located; (2) that the encroachment in dispute was permissive in nature from its inception up through at least the summer of 2002, and that Barry has acquired no prescriptive rights that in any way divest the Drennen Trust of any right, title, and interest in the Drennen property or any portion of the Drennen property; and (3) that consistent with its rights of ownership and title, the Drennen Trust has the right to require, upon reasonable advance notice, that Barry, at his expense, remove the encroachment. The Drennen Trust also sought injunctive relief enjoining Barry from interfering with the Drennen Trust’s right, title, and interest to the Drennen property and from laying claim to any portion of the Drennen property, and, in the event that Barry now or hereafter continues to maintain that the disputed encroachment is adverse, compelling him to remove the encroachment at his sole expense.
Barry denied the allegations of the complaint and asserted the affirmative defenses of adverse possession and easement by prescription.
The Drennen Trust filed a motion for a summary judgment on October 17, 2003. The motion was accompanied by a brief and affidavits. On November 18, 2003, Barry filed a brief in opposition to this summary-judgment motion and an affidavit of his attorney requesting that the hearing on the summary-judgment motion be continued until he could obtain the deposition of Ed Bondurant, a former owner of Barry’s property, and perhaps others. The trial court set Barry’s request for hearing on November 20, 2003. The record does not record what transpired at the November 20, 2003, hearing. However, the Drennen Trust, in its brief to this Court (p. 4) relates: “[I]n response to Barry’s request to depose a witness and to submit that witness’s testimony in opposition to the Drennen Trust’s Motion for Summary Judgment, [the trial court] afforded Barry an additional month, up through December 19, 2003, to obtain and submit testimony and such other opposition evidence as he deemed appropriate.” Barry did not file a reply brief and on appeal does not dispute this statement in the brief filed by the Drennen Trust.
The record does not show that Barry filed anything in the trial court after November 20. The trial court entered a summary judgment on January 12, 2004, 53 days after the November 20 hearing.
The first issue Barry raises on appeal is that the trial court exceeded its discretion in denying Barry’s motion to continue the hearing on the Drennen Trust’s motion for a summary judgment. In Herring v. Cun *432 ningham, 507 So.2d 1324, 1325 (Ala.1987), this Court, reviewing a ruling denying a motion for a continuance, held that the trial court had not exceeded its discretion and noted that those cases that have held that the trial court exceeded its discretion in not allowing the requested continuance have involved situations where the party moving for summary judgment “has failed or refused to provide information requested by the opposing party.”[1] No evidence indicates such a situation in this case.
Barry next argues that the Drennen Trust failed to make a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. We disagree.
The Drennen Trust filed with its summary-judgment motion the affidavit of Charles K. “Kip” Porter, a longtime trustee of the Drennen Trust and a member of Saint Mary’s-On-The-Highlands Episcopal Church. Porter’s affidavit established, on personal knowledge, the following facts, none of which were disputed or contradicted in the record below:
(a) The eastern wall of the previously demolished San Jose Apartments was located on the Drennen property, was left standing on the Drennen property after demolition, and was the portion of the Drennen property on which the improvements encroaching from Barry’s property were located.
(b) Barry’s predecessor in title agreed that the placement of the improvements on the Drennen property was permissive and that the Drennen Trust retained the right to effect removal of the improvements should it so desire.
(c)A letter agreement prepared by Porter and agreed to by Barry’s predecessor in title acknowledged that the eastern wall was on the Drennen property and belonged to the Drennen Trust.
Consistent with Porter’s undisputed testimony, the affidavit of Ed Allen, a warden of St. Mary’s-On-The-Highlands Episcopal Church and a member of the Alabama State Bar, likewise established that the eastern wall of the demolished building was located on the parking lot on the Drennen property.
Barry himself, in the statement of facts included in his brief on appeal, acknowledges that the eastern wall of the demolished building is located on the Drennen property: “Prior to the acquisition of the Drennen property, an apartment building known as the San Jose Apartments was located on the Drennen property. The eastern wall of the San Jose Apartments abutted what is now the Barry property.” (Barry’s brief, p. 7.)
Barry claims only that the Drennen Trust did not establish its ownership of the property on which the wall is located because a survey, attached as an exhibit to Allen’s affidavit, “seems to indicate” that a portion of the wall rests on Barry’s property and the remainder on the Drennen property. Even if true, that fact would be irrelevant here because the relief sought and granted by the trial court was limited to a declaration that the Drennen Trust held unrestricted rights to the use of that portion of its property upon which Barry placed the improvements.
*433 Additionally, the survey itself does not depict any portion of the wall of the demolished building or its location in relation to the two properties, and Barry offers no testimony or evidence that it does.
The Drennen Trust presented uneontro-verted testimony that the wall was located on the Drennen property. The declaratory relief sought by the Drennen Trust and granted by the trial court was limited to the roof attachments Barry had made to the wall, which extended onto the Drennen property. Thus, Barry’s failure to adduce any evidence, much less substantial evidence, in opposition to the motion mandates affirmance by this Court. See, e.g., Auburn Univ. v. Advertiser Co., 867 So.2d 298 (Ala.2003).
Insofar as it awards the Drennen Trust declaratory relief, the summary judgment is affirmed.
Rule 65, Ala. R. Civ. P., provides that an order granting injunctive relief must conform to specific requirements, which the trial court did not address in its order. Therefore, this Court reverses the trial court’s judgment insofar as it awarded in-junctive relief and remands the case with instructions that any injunctive relief be conditioned upon a further application for such relief by the Drennen Trust and the entry of findings in conformity with the requirements of Rule 65.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NABERS, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ„ concur.

. The following cases cited by Barry are distinguishable: Naramore v. Duckworth-Morris Realty Co., 669 So.2d 946, 950-51 (Ala.Civ.App.1995); Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769, 771 (Ala.1994); Malloy v. Sullivan, 455 So.2d 12, 13 (Ala.1984); Henderson v. Alabama Dep’t of Indus. Relations, 827 So.2d 129, 131 (Ala.Civ.App.2002); Phillips v. AmSouth Bank, 833 So.2d 29, 32 (Ala.2002); Starks v. Commercial Union Ins. Co., 501 So.2d 1214, 1216 (Ala.1987); Central Acceptance Corp. v. Colonial Bank of Alabama, N.A., 439 So.2d 144, 147 (Ala.1983).