The basic question presented by this appeal is the liability of a builder of a home to a buyer who is not in privity of contract with him.
We draw the summary of the facts from appellants' brief.[1]
On March 25, 1982, plaintiffs, William Joseph Wooldridge and his wife, filed a complaint in the Circuit Court of Mobile County, against Lamar Rowe d/b/a Rowe General Contractors, in which they sought recovery of damages resulting from a fire at their home. Plaintiffs claimed that Rowe had not built the fireplace in a workmanlike manner and that the fire damage was caused to the home as a proximate consequence thereof. Plaintiffs also alleged that Rowe negligently built the fireplace and that Rowe's negligence proximately resulted in fire damage to the home. Plaintiffs also claimed that Rowe wantonly constructed the fireplace and that the fire damage to the home was proximately caused by this wanton conduct.
Rowe filed a motion to dismiss the complaint, in which he averred that he owed no duty to the plaintiffs in that they had purchased the house from persons other than him. Plaintiffs responded to Rowe's motion to dismiss by filing an affidavit setting forth alleged facts. The court granted Rowe's motion to dismiss, but allowed plaintiffs 20 days to amend. The plaintiffs filed an amended complaint consisting of three counts, in which they set forth the same general theories alleged in the original complaint, but claimed that Rowe owed them a specific duty because Rowe "knew or should have known that injury of the above nature of that suffered by plaintiffs was likely to result if said fireplace was not constructed in a workmanlike manner," and if reasonable care was not exercised in its construction. Rowe filed a motion to dismiss the amended complaint in which he claimed again primarily that he owed no duty to the plaintiffs. Rowe's motion to dismiss was denied. Upon motion by Rowe, State Farm Fire and Casualty Insurance Company was added as a party-plaintiff as being a real party in interest. Rowe then answered the amended complaint and asserted as affirmative defenses that there was no privity of contract or other relationship between plaintiffs and defendant which gave rise to any duty from defendant to plaintiffs. The case was set for trial, but on the date of trial, Rowe moved that the court reconsider its order denying his motion to dismiss plaintiffs' amended complaint, and, after reconsideration, the court granted Rowe's motion, and the complaint was dismissed.
We summarize the facts, drawn from the pleadings and accompanying affidavits, to determine whether a cause of action was stated either in implied warranty or in tort. These facts are stated most favorably to the plaintiffs' theory of their case.
On November 17, 1977, the plaintiffs, William Joseph Wooldridge and Ann C. Wooldridge, purchased a home located at 2256 Hillside Drive West, Mobile, Alabama, from James R. Weaver and Dorothy J. *Page 298 
Weaver. The home had been built by the defendant, Lamar Rowe d/b/a Rowe General Contractors and, upon completion, sold to the Weavers on September 16, 1977.
On December 19, 1981, a wall in the Wooldridge home which was directly behind the fireplace caught fire, causing damage to the home and its contents. Inspection of the fireplace subsequent to the fire revealed that the fireplace was improperly constructed. The concrete block base was built by laying concrete blocks on their sides rather than upright, and there was no mortar in the blocks. The firepit was built with only one layer of firebrick instead of two. The one layer of firebrick was immediately adjacent to a wall of gypsum board. The contractor who examined the fireplace advised there should have been a retainer placed between the firebrick and the interior wall of the house. The opinion of the contractor who examined the damage was concurred in by the city building inspector. On the day of the scheduled trial, the plaintiffs proffered to the court the additional evidence that the fireplace was not built in accordance with the city building code.
In December 1981, plaintiffs attempted to contact Rowe by mail, making a claim for damages arising out of the defective construction of the fireplace. Having received no response, plaintiffs filed the instant suit on March 25, 1982.
We affirm.
Although there is some evidence in the file which would indicate that the plaintiffs claim that the builder may have made certain representations to them about the condition of the house and actually made some repairs on the house, the cause of action they pleaded, and the issue they frame on this appeal, is stated in their brief:
 "Whether a builder who builds a home for sale to the public owes a duty to a subsequent purchaser of the home, not in privity with him, who claims injury due to alleged failure of the builder to exercise due care in construction." (Emphasis added).
Because the Wooldridges frame the issue as they do, we limit our discussion in this opinion to that one issue. That issue, as narrowly framed, presents to us once again the question of when and under what circumstances the purchaser of a house can sue a builder for injuries suffered as a result of the unworkmanlike manner in which the house was constructed.
The Wooldridges do not claim that they were in privity of contract with the builder, Rowe; in fact, in their stating the issue for our decision, they state "no privity of contract"; therefore, the doctrine of caveat emptor would apply to them. See Cooper Company v. Bryant, 440 So.2d 1016 (Ala. 1983);Blankenship v. Ogle, 418 So.2d 126 (Ala. 1982); Ray v.Montgomery, 399 So.2d 230 (Ala. 1980).
Although we have abrogated the caveat emptor rule in sales of new residential real estate by a builder/vendor, Cochran v.Keeton, 287 Ala. 439, 252 So.2d 313 (1971), we are not inclined in this case to depart from a longstanding rule which provides certainty in this area of the law. A purchaser may protect himself by an express agreement in the deed or contract of sale. Ray v. Montgomery, supra, 399 So.2d at 233.
As we stated previously, we have addressed only the precise issue framed by the appellants, and this opinion should be so construed by the bench and bar.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, SHORES and ADAMS, JJ., concur.
BEATTY, J., dissents.
JONES, J., not sitting.
[1] Appellee builder did not file a brief with the Court. *Page 299