This case concerns a fire that caused damage to a house in Huntsville, Alabama, on January 15, 1982. Commercial Union Assurance Companies, Inc., as subrogee to owner Robert Wells, brought an action against Clowers Construction Company, Dennis Clowers Realty, Inc., and Dennis Clowers in his individual capacity, for negligent construction of a fireplace. Plaintiffs appeal from a summary judgment in favor of the defendants. We affirm.
The issue for review is whether the trial court erred by holding defendants entitled to judgment as a matter of law because there was no genuine issue of material fact and no actionable conduct on the part of the defendants.
The house that burned was built by defendant Dennis Clowers Realty, Inc., in 1975. In the midst of construction of the house, so as to comply with the request of a prospective purchaser, defendant Dennis Clowers Realty, Inc., put in a fireplace. Defendant had no problem fulfilling the buyer's wishes, because the plans of the house allowed for a "fireplace section."
When the prospective purchaser could not muster the financing necessary to complete the purchase, another couple, Mr. and Mrs. Rush, bought and moved into the house. They made no complaints regarding the fireplace during their stay in the house. Later, the house was sold by the Rush family to John Hornbeak. He, likewise, made no complaints regarding the fireplace. Hornbeak sold the house to plaintiff Wells in August 1980.
A year after moving in, so that he might make more use of his fireplace and thereby reduce his utility bills, Wells contracted with Scott Energy Center, Inc., to install a wood burning stove into the fireplace. Modifications to the fireplace were made so that the stove could operate. Although the stove was installed in the winter of 1980-81, it was not used on a regular basis until the following fall.
On January 15, 1982, the house was damaged by fire; the origin of the blaze was apparently in or near the chimney of the fireplace. This suit for recovery for property damage followed.
Plaintiff's complaint contained counts alleging negligent construction and violation of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). The latter count is inapplicable as a matter of law. Once affixed to a house, a fireplace becomes as much a part of that house as the four walls, and a house cannot be classified as a "product" for purposes of the AEMLD. See Coburn v. Lenox Homes, Inc.,173 Conn. 567, 572-73, 378 A.2d 599, 601-02 (1977). Our inquiry is thus limited to whether a builder of a home is liable for damages to a buyer with whom he is not in privity of contract.
This precise issue has been addressed in the case ofWooldridge v. Rowe, 477 So.2d 296 (Ala. 1985). In that case also, subsequent purchasers of a house were alleging that the negligent construction of a fireplace had caused property damage to the house. In presenting the issue on appeal, the Wooldridges stated that there was no privity of contract between themselves and the defendant builder. In the absence of this privity, this Court held that the doctrine of caveatemptor would apply and the Wooldridges could not recover for the damage to the house. Wooldridge, supra.
The same lack of privity is present in this case. The plaintiff did not purchase the house from the defendant builder and was, in fact, the third purchaser of the house. Therefore, the doctrine of caveat emptor applies. Wooldridge, supra; see also, Ray v. Montgomery, 399 So.2d 230, 233 (Ala. 1980). The grant of summary judgment was appropriate, and the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs in the result. *Page 107