[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1078 
On April 14, 1998 Charles C. Boackle and Teresa L. Boackle, the second owners of a home in Shelby County, sued Bedwell Construction Company, Inc., the builder of the home, and Dillard Plastering Company, Inc., the plastering company which applied an Exterior Insulation and Finishing System (EIFS) or "Dryvit," to the home when it was built. The Boackles' complaint alleges breach of implied warranty, negligence, failure to warn, negligence in the installation, negligence in the supervision, fraudulent suppression, and fraudulent misrepresentation. The trial court entered summary judgment for the defendants based upon the doctrine of caveat emptor. The Boackles appeal. We affirm.
It is undisputed that the Boackles' home was first built for Mr. and Mrs. Seavy Jennings, who sold it to the Boackles. As part of the building process, the defendants installed an EIFS synthetic stucco exterior on the home. The Boackles allege that they have spent over $70, 000 in repairs for damage to the house resulting from water intrusion and wood rot.
Bedwell Construction filed a motion to dismiss with a supporting affidavit and exhibits. The affidavit of Charles R. Bedwell, Jr., reads:
 "1. I am the President of Bedwell Construction Co., Inc. (`Bedwell Construction') located in Birmingham, Alabama. I am over twenty-one (21) years of age and have personal knowledge of the facts set forth in this affidavit.
 "2. On or about August 23, 1993, Bedwell Construction entered into a contract with Seavy F. Jennings and Joy S. Jennings (the `contract') to sell a residential dwelling located at 2020 Brookhighland Ridge, Birmingham, Alabama (the `House'). A copy of the Contract is attached here as Exhibit `1' and incorporated herein by reference. There were no other parties other than Bedwell Construction and Seavy F. Jennings and Joy S. Jennings that were either listed on the Contract or were in any way contemplated as parties to the Contract. Pursuant to the Contract the House was built for Seavy F. Jennings and Joy S. Jennings. The construction of the House was completed on or around September 25, 1993.
 "3. Bedwell Construction did not sell the House to the plaintiffs Dr. Charles Boackle and Teresa Boackles (`Plaintiffs'). *Page 1079 
Bedwell Construction did not have any contact with the Plaintiffs. Bedwell Construction did not make any representations to Plaintiffs about the House."
The trial court initially denied the Bedwell motion to dismiss. Thereafter, both Bedwell and Dillard filed motions to reconsider the motion to dismiss, relying upon the doctrine of caveat emptor, because the Boackles are the second owners of this home. The trial court then granted their motions to reconsider, treated the motion to dismiss as a motion for summary judgment under Rule 12(b), Ala.R.Civ.P., and granted summary judgment for both defendants.
"`In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact' and whether the movant was `entitled to a judgment as a matter of law.'"Bussey v. John Deere Co., 531 So.2d 860, 863 (Ala. 1988); Rule 56(c), Ala.R.Civ.P. "[W]hen the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to show `substantial evidence' in support of his position."Bean v. Craig, 557 So.2d 1249, 1252 (Ala. 1990); Rule 56(c), Ala.R.Civ.P. Substantial evidence is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
This Court continues to follow the rule that there is no implied warranty in the sale of a "used" home. "[T]here is no implied warranty of habitability in the sale of used residential real estate, and the rule of caveat emptor still applies in such a sale." Compass PointCondominium Owners Ass'n v. First Fed. Sav. Loan Ass'n of Florence,641 So.2d 253, 255 (Ala. 1994), citing Ray v. Montgomery, 399 So.2d 230
(Ala. 1980).
The plaintiffs argue that, because they are not suing for breach of warranty, which requires privity, the above rule does not apply. They rely principally on their claims of fraud committed by the builder's principal Mr. Bedwell in his conversation directly with Mrs. Boackle. They argue that they met their burden of presenting substantial evidence that there was a genuine issue of material fact with respect to their claims of fraudulent suppression and fraudulent misrepresentation. They cite Teresa Boackle's affidavit:
 "1. My name is Teresa L. Boackle. I reside at 2020 Brook Highland Road, Shelby County, Alabama.
 "2. Said residence is jointly owned by Charles C. and Teresa L. Boackle.
 "3. We are the second owners of this home. We purchased the home from Seavy F. and Joy S. Jennings on June 12, 1996.
 "4. The home was built by Bedwell Construction Company, Inc.
 "5. I contacted Charles R. Bedwell, Jr., President of Bedwell Construction in mid-July of 1996. This contact was made after we noticed rain water leaking in around the windows of our home.
 "6. I told Mr. Bedwell the specific nature of our problem. I inquired further about the problems associated with EIFS exteriors that I had read in the newspaper. Mr. Bedwell stated that there were no problems with the EIFS finishes on the homes that he built and suggested that I contacted [sic] Mr. John Martin for assistance.
 "7. In reliance upon the representation made to me by Mr. Bedwell, we proceeded to spend several thousand dollars over the course of the next few months, attempting to stop water leaks at our home. These efforts were unsuccessful.
 "8. It was ultimately discovered that the EIFS system on the house was incorrectly *Page 1080 
installed and was the cause of these problems."
The plaintiffs acknowledge that the sale of the house from the Jenningses to them did not carry an implied warranty that the house had no defects. They also acknowledge that it carried no implied warranty for which the builder would be liable to them as subsequent purchasers. However, they insist that Mr. Bedwell committed fraudulent suppression or fraudulent misrepresentation or both in his conversation with Mrs. Boackle when she complained directly to him after she and her husband had bought the home.
The claim for fraudulent suppression asserted and argued by these plaintiffs requires proof: "`(1) that the defendant[s] had a duty to disclose material facts; (2) that the defendant[s] concealed or failed to disclose those facts; (3) that the concealment or failure to disclose induced the plaintiff[s] to act; and (4) that the defendant[s'] action resulted in harm to the plaintiff[s].'" Bethel v. Thorn,757 So.2d 1154, (Ala. 1999) (quoting Booker v. United American Ins.Co., 700 So.2d 1333, 1339 n. 10 (Ala. 1997)). The claim for fraudulent misrepresentation asserted and argued by these plaintiffs requires proof: "1) that the defendant[s] made a false representation; 2) of a material existing fact; 3) on which the plaintiff[s] reasonably relied; and 4) which proximately caused the injury or damage to the plaintiff[s]." Bethel v. Thorn, 757 So.2d at 1160 n. 3 (citingGoodyear Tire Rubber Co. v. Washington, 719 So.2d 774,776 (Ala. 1998), and Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala. 1997)). The materials before us do not show either a valid claim for fraudulent suppression or a valid claim for fraudulent misrepresentation.
Nothing in any of the evidentiary materials submitted by the parties for or against the motion to dismiss (treated as one for summary judgment) tends to prove that Mr. Bedwell knew, or should have known, any material facts to suppress regarding the Boackles' particular problems with their home. Thus the essential element of concealment or nondisclosure of a material fact is missing from the Boackles' fraudulent suppression claim against Mr. Bedwell's company.
The only evidentiary material tending to prove any communication directly between the plaintiffs and either defendant is Mrs. Boackle's affidavit recounting the discussion between her and Mr. Bedwell. In the affidavit the only account of any representation by Mr. Bedwell reads:
 "Mr. Bedwell stated that there were no problems with the EIFS finishes on the homes that he built and suggested that I contacted [sic] Mr. John Martin for assistance."
The suggestion regarding John Martin does not constitute a representation of fact at all. Moreover, the evidentiary materials, as distinguished from unproved assertions in the plaintiffs' complaint and briefs, do not explain what kind of assistance Mr. Bedwell thought Mr. Martin could provide. Thus the reference to Mr. Martin does not add detail to Mr. Bedwell's representation about the EIFS finishes.
Mrs. Boackle's affidavit does imply that Mr. Bedwell's representation about the EIFS finishes was false and does state that the Boackles relied on the representation. Thus the issues which determine the validity of the Boackles' misrepresentation claim against Mr. Bedwell's company are, first, whether the affidavit constitutes substantial evidence that the purported misrepresentation proximately caused the damage and, second, whether the affidavit constitutes substantial evidence that the reliance was reasonable.
The unproven arguments in the plaintiffs' briefs say, in effect, that Mr. Bedwell's representation caused the plaintiffs to misdirect their corrective efforts and thereby to waste their money — that is, to waste money on an elaborate but futile caulking job. Their proof, in the form of Mrs. Boackle's affidavit, however, does not articulate this theory. *Page 1081 
Alabama Pattern Jury Instruction 33.00 provides a concise definition of proximate cause:
 "The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred." (Emphasis added.)
Does Mrs. Boackle's affidavit tend to prove that, without Mr. Bedwell's purportedly false statement "that there were no problems with the EIFS finishes on the homes that he built," the plaintiffs would not have "proceeded to spend several thousand dollars over the course of the next few months, attempting to stop water leaks at [their] home"? In other words, does her affidavit tend to prove that, had he told herthere were or might be some problems, the plaintiffs would not have spent the money? If the affidavit contains any such implication at all, it is too faint to constitute substantial evidence. For aught that appears in the affidavit, the same attempts would have been worthy of trying (even if eventually futile in hindsight) even if the house did
have problems with the EIFS finish. Thus, the Boackles' proof of the relation between Mr. Bedwell's purportedly false statement and the Boackles' loss of their "several thousand dollars" does not fulfill the "without which" test, or criterion, of the definition of proximate cause to any degree that would, in turn, meet the definition of substantial evidence. The absence of the essential element of proximate causation invalidates the Boackles' theory of fraudulent misrepresentation against Mr. Bedwell's company. Our conclusion in this regard pretermits further discussion of the element of reasonable reliance.
The plaintiffs produced no evidence of any communication whatsoever between them and the defendant Dillard. Thus they show no fraud claims against this defendant.
The plaintiffs next argue theories of negligence against the defendants relating to their original construction of the home. The plaintiffs claim only property damage and depreciation, without any physical injury to persons. The lack of privity between the plaintiffs and the defendants forecloses such claims. The law so evolved in this Court's decisions in Wells v. Clowers Constr. Co., 476 So.2d 105 (Ala. 1985), and Wooldridge v. Rowe, 477 So.2d 296 (Ala. 1985). In Wooldridge, the plaintiffs sued the builder of their home for property damage resulting from a fire caused by a negligently constructed fireplace. Affirming the dismissal of the plaintiffs' claims, this Court reasoned that, because the plaintiffs were not in privity of contract with the builder, the doctrine of caveat emptor barred their recovery. 477 So.2d at 298. In Wells, an insurance company as subrogee and a homeowner (not the original purchaser) sued a construction company for property damage resulting from a fire caused by another negligently constructed fireplace. This Court, noting that this precise issue had been addressed in Wooldridge, applied the doctrine of caveat emptor and affirmed summary judgment for the builder. 476 So.2d at 106.
The Boackles finally contend that §§ 6-5-218, 6-5-220, 6-5- 221, and 6-5-222, Ala. Code 1975, (from the statute of repose for architects, contractors, and engineers) provide statutory authority for an action brought by a party against a builder even in the absence of privity. The first rule of statutory construction is that the intent of the legislature should be effectuated. Beavers v. County of Walker,645 So.2d 1365 (Ala. 1994). The Alabama Legislature manifestly did not intend to overrule the doctrine of caveat emptor in passing this statute of repose for architects, contractors and engineers. The preamble to the act reads as follows:
 "Relating to civil actions against architects, engineers, and certain licensed general contractors; to provide a statute of limitations of two years after a cause of action accrues or arises in certain *Page 1082 
cases; to provide that all causes of action and all rights of action which accrue more than thirteen years after the substantial completion of construction of an improvement to real property shall be barred; to provide when a cause of action accrues or arises; and to provide a savings clause to causes of action which have accrued prior to the effective date of this act."
The language in §§ 6-5-218 and 6-5-221 applying the limitations to "any other person," such as one not in privity with the defendant, serves to comprehend the inclusion of actions for wrongful death and personal injury, as well as those for property damage only, within the ambit of the sections codifying the statute and does not serve to create or to extend any theory of recovery.
Under the undisputed facts in this case, we are compelled to hold that the trial court did not err in granting summary judgment in favor of the builder and the plasterer. The judgment of the trial court is due to be affirmed.
AFFIRMED.
Hooper, C.J., and Houston, Cook, See, Lyons, Brown, and England, JJ., concur.
Maddox, J., concurs in the result.