This Court granted the defendants James H. Whatley, Jr., and Whatley Construction Company, Inc. (collectively "the Whatley defendants"), permission under Rule 5, Ala.R.App.P., to appeal an interlocutory order denying them summary judgments on the claims of the plaintiff William S. Reese ("Reese") for breach of contract, negligence, wantonness, and fraud. The sole issue presented by this appeal is whether the doctrine ofcaveat emptor applies to the claims of Reese, the first purchaser of a new home from the Whatley defendants and the only person ever to live in the home, because he temporarily transferred legal title to the home to his mother, Hilda Hyche ("Hyche"). The Whatley defendants do not challenge Reese's status as the real party in interest.
We hold that the doctrine of caveat emptor does not apply to Reese's claims against the Whatley defendants. Therefore, we affirm the denial of the summary *Page 275 
judgments on Reese's claims against the Whatley defendants for breach of contract, negligence, wantonness, and fraud.
In 1994, Reese contracted with the Whatley defendants for the construction of a home on a vacant lot he owned. When the home was completed, Reese moved into the home and has lived there alone continuously ever since. In 1998, Reese deeded legal title to the home to Hyche, but Hyche never occupied the home. In 1999, Hyche deeded legal title back to Reese.
To recover for damage to the home allegedly caused by the exterior insulation and finishing system ("EIFS") applied to the home when it was built, Reese and Hyche sued the Whatley defendants for breach of contract, negligence, wantonness, fraud, breach of warranty under the Alabama Uniform Commercial Code and violations of the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD"). Moving for summary judgment, the Whatley defendants asserted that the doctrine ofcaveat emptor applied to Hyche's claims because she was not the first owner of the home. They asserted also that the doctrine of caveat emptor
applied to Reese's claims because he had deeded legal title to the home to Hyche in 1998.
Hyche conceded that caveat emptor defeated her claims because she had not bought the home from the Whatley defendants. However, Reese argued that caveat emptor did not apply to his claims because he had bought a new home from the Whatley defendants, he had continuously and exclusively occupied the home since it was built, and Hyche had deeded legal title to the home back to him in 1999.
The trial court granted summary judgment on all of Hyche's claims. Holding that EIFS constituted neither "goods" nor a "product," the trial court also granted summary judgment on Reese's claims under the Alabama Uniform Commercial Code and the AEMLD. However, the trial court held thatcaveat emptor did not apply to Reese's claims because he was the first purchaser of the home from the Whatley defendants and was the exclusive occupant at all times thereafter despite the temporary transfer of legal title to Hyche. Accordingly, the trial court denied summary judgment on Reese's claims for breach of contract, negligence, wantonness, and fraud.
Appealing the denial of summary judgment on these particular claims by Reese, the Whatley defendants concede that "[h]ad the house at issue in this case never been transferred to an owner other than Reese, the doctrine of caveat emptor would not apply to claims brought by the original owner, Reese, against the Whatley defendants, because Reese would be the original purchaser of a new house." Whatley defendants' Brief, p. 9 (emphasis omitted). Nonetheless, they contend that the temporary transfer of legal title to Hyche by itself made the doctrine ofcaveat emptor applicable to Reese's claims. In arguing the applicability or nonapplicability of caveat emptor, none of the parties differentiates among Reese's remaining theories of breach of contract, negligence, wantonness, and fraud.
This Court reviews de novo a ruling on a motion for summary judgment.General Motors Corp. v. Kilgore, [Ms. 1002149, December 20, 2002]853 So.2d 171 (Ala. 2002). "Alabama has abolished the doctrine of caveatemptor in the commercial sale of a new house by its builder-vendor. . . ."Sims v. Lewis, 374 So.2d 298, 303 (Ala. 1979), although caveat emptor
still applies to the sale of a used house. Boackle v. Bedwell Constr.Co., Inc., 770 So.2d 1076, 1079 (Ala. 2000). In Boackle, the second owners of a home sued its *Page 276 
builder and the plastering subcontractor for damage to the home caused by the failure of the EIFS to prevent water intrusion. Affirming summary judgments for the defendants on the plaintiffs' claims for negligent construction of the home, this Court held:
 "The lack of privity between the plaintiffs and the defendants forecloses such claims. The law so evolved in this Court's decisions in Wells v. Clowers Constr. Co., 476 So.2d 105 (Ala. 1985), and Wooldridge v. Rowe, 477 So.2d 296 (Ala. 1985). In Wooldridge, the plaintiffs sued the builder of their home for property damage resulting from a fire caused by a negligently constructed fireplace. Affirming the dismissal of the plaintiffs' claims, this Court reasoned that, because the plaintiffs were not in privity of contract with the builder, the doctrine of caveat emptor barred their recovery. 477 So.2d at 298. In Wells, an insurance company as subrogee and a homeowner (not the original purchaser) sued a construction company for property damage resulting from a fire caused by another negligently constructed fireplace. This Court, noting that this precise issue had been addressed in Wooldridge, applied the doctrine of caveat emptor and affirmed summary judgment for the builder. 476 So.2d at 106."
770 So.2d at 1081.
In the present case, because Reese contracted with the Whatley defendants for construction of the home, he was in privity of contract with them. Reese's temporary transfer of legal title to Hyche did not alter the privity of contract that existed between Reese and the Whatley defendants. Moreover, Reese, the first owner and occupier of the newly constructed home, continuously maintained exclusive occupancy of the home. Under our holdings in Boackle, Wooldridge, and Wells, the doctrine of caveat emptor did not apply to Reese's claims against the Whatley defendants. Therefore, we affirm the denial of summary judgment for the Whatley defendants on Reese's claims for breach of contract, negligence, wantonness, and fraud.
AFFIRMED.
MOORE, C.J., and HOUSTON, LYONS, and WOODALL, JJ., concur.